**Stanley EVANS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 52064.**

Missouri Court of Appeals,
Western District.

May 7, 1996.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for Respondent.

Before FENNER, C.J., P.J., and EDWIN H. SMITH and ELLIS, JJ.

FENNER, Chief Judge.

Appellant, Stanley Evans, appeals the dismissal, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. Appellant's motion was in regard to his plea of guilty to the charge of murder in the second degree.

Appellant argues on appeal that the motion court erred in denying his motion without an evidentiary hearing because he pleaded factual allegations, not refuted by the record, which would warrant relief if proven. In particular, appellant alleged that plea counsel coerced him into pleading guilty and misled him as to the sentence he would receive. Appellant further alleged that plea counsel failed to investigate and obtain a medical expert to rebut the state's medical evidence.

■ In reviewing the denial of a Rule 23.045 motion, an appellate court is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k). In order to be entitled to an evidentiary hearing on a Rule 24.035 motion, a movant must satisfy a three part test. A movant must plead facts, not conclusions, which if true would warrant relief; these allegations must not be refuted by the record; and the matters complained of must have resulted in prejudice to movant's defense. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). Furthermore, to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and that he was prejudiced by such failure. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ In the context of a guilty plea, the ineffectiveness inquiry is limited to whether the alleged ineffective assistance of counsel impinged on the defendant's ability to make a knowing and voluntary plea of guilty. *Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). In other words, "[a]ppellant must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." *Risalvato v. State*, 856 S.W.2d 370, 374 (Mo.App. 1993). In order to satisfy the prejudice prong of the *Strickland* analysis, appellant must demonstrate that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. *Hagan v. State*, 836 S.W.2d 459, 464 (Mo. banc 1992).

Appellant's first argument is that counsel was ineffective in that counsel allegedly coerced appellant into pleading guilty and led appellant to believe he would not receive a sentence in excess of fifteen years.

■ At his guilty plea hearing, appellant stated that he had not been promised anything not in his plea bargain and that he had not been threatened in an effort to get him to plead guilty. Appellant further said that he did not feel forced to plead guilty and that he had no complaints against his attorney. Appellant acknowledged on the record that he understood the decision on sentencing was solely up to the judge and further, that under his plea bargain, he would be sentenced to a "lid" of twenty-five years.

Appellant's allegations of being coerced and misled by counsel as to the sentence he would receive are refuted by the record.

■ Appellant argues further that counsel was ineffective for "failing to investigate and obtain expert medical testimony to rebut the state's evidence." By pleading guilty, a defendant generally waives any complaint about his lawyer's failure to investigate his case. *Wilhite v. State*, 845 S.W.2d 592, 595 (Mo.App.1992). Counsel's failure to interview witnesses is rarely sufficient to support a claim of ineffective assistance of counsel. *Yoakum v. State*, 849 S.W.2d 685, 688 (Mo. App.1993) (citing *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987)). As appel-

lant notes, a claim of counsel's failure to investigate is only relevant insofar as the voluntariness of his plea is affected. *Townsend v. State*, 854 S.W.2d 496, 497 (Mo.App. 1993).

At appellant's guilty plea hearing, appellant acknowledged that he had asked counsel to try to find an expert to refute the state's medical evidence. Appellant further acknowledged that counsel had discussed this with him and counsel advised appellant that he did not believe it to be necessary to try to locate such an expert. Appellant acknowledged that counsel told him before he entered his plea that counsel was not going to look for such an expert. Regardless of appellant's disagreement with counsel in regard to obtaining his own medical expert, appellant said he was pleased with counsel's representation and the plea agreement that counsel had obtained on his behalf.

 To preclude an evidentiary hearing, inquiry into defendant's satisfaction with performance of trial counsel conducted at sentencing proceedings must be specific enough to elicit responses from which motion court may determine that record refutes conclusively allegation of ineffectiveness asserted in motion for postconviction relief based upon ineffective assistance of trial counsel. In the case at bar, the record reflects that appellant knew that counsel had not sought a medical expert to attempt to refute the State's evidence, but appellant wished to enter his plea anyway. Thus, the voluntariness of appellant's plea was not affected by counsel's failure to pursue medical testimony and the inquiry was specific enough to preclude an evidentiary hearing.

Judgment affirmed.

All concur.