**Patrick L. MELTON, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

**No. 68833.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 11, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 24, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Dave Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We affirm.

On June 9, 1993, movant entered an *Alford*[1] plea to one count of second degree robbery, § 569.030, RSMo 1986, and pled guilty to two counts of forgery, § 570.090, RSMo 1986. Movant admitted that on February 13 and 14, 1991, he forged two checks belonging to Forsyth School. The court sentenced him in accordance with the state's recommendation to concurrent prison terms of nine years on the second degree robbery count and seven years each on the two forgery counts. The court then suspended execution of the sentences and placed movant on probation for five years.

On February 18, 1994, movant admitted two probation violations. The court revoked his probation, executed his sentence, and imposed a 120 day shock program. On May 27, 1994, the court suspended execution of the sentence and placed movant on probation for three years. On October 14, 1994, movant again admitted violating his probation, and the court executed the original sentences imposed.

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Vernor*, 894 S.W.2d at 210. In order to be entitled to an evidentiary hearing, movant must cite facts, not conclusions, which, if true, would entitle him to relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice movant. *Id.* When a movant pleads guilty, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made. *Van Ralston v. State*, 824 S.W.2d 75, 78 (Mo.App.1991).

On appeal, movant asserts the motion court "clearly erred in denying a hearing on counsel's failure to interview witnesses who would exonerate [movant] of the forgeries" and "similarly erred in refusing to hear evidence of counsel's failure to pursue expert handwriting analysis by which to defend the forgery charges...."

To demonstrate he was prejudiced by counsel's failure to investigate, a movant must show there is a reasonable probability the discovery of the evidence would have caused him to change his plea. *Stevens v. State*, 770 S.W.2d 496, 497 (Mo.App.1989). To establish counsel's ineffectiveness for failing to call a witness, a movant must prove the witness could have been located through reasonable investigation, the witness would have testified if called, and the witness's testimony would have provided a viable defense. *Eddes v. State*, 776 S.W.2d 463, 464–65 (Mo. App.1989).

Movant's post-conviction motion alleged:

Trial counsel was ineffective by failing to investigate witnesses Jerry Johnson, Andre Gipson, and Francine Macully, each of whom would have exonerated movant from any guilt in his cases.

Movant informed trial counsel of the existence of Johnson, Gipson, and Macully.

Macully would have testified that she observed Jerry Johnson give movant a check that Johnson claimed was rightfully his, in exchange for automobile repairs. Macully also would testify that she observed Andre Gipson wrongfully sign and pass a check using movant's name as the payee and signing the check as the purported payee....

\*   \*   \*   \*   \*   \*

Counsel was ineffective for failing to secure a handwriting expert to compare signatures on the forged checks .. after movant informed counsel of the persons who had actually forged the checks.

Both of movant's allegations relate to evidence which would allegedly exonerate him of the forgery charges, but at the guilty plea hearing, movant admitted that he had committed both counts of forgery:

[THE COURT:] And in the forgery case you are entering a plea of guilty because you are guilty; is that correct?

[MOVANT:] Yes.

Q And on February 13, 1991, at 9965 Lewis & Clark Boulevard in St. Louis County did you use a check of Forsyth School and did you forge that check?

A Yes, sir.

Q And on February 14, the next day, at the same place, did you forge another check of Forsyth School?

A Yes, sir.

Movant also testified that he was not threatened or coerced to plead guilty or promised anything in return for his plea. He stated that he understood his rights, the effect of his waiver of those rights, and the consequences of his guilty plea, and he asserted that counsel had "been good" and done everything that movant asked him to do. *See Eberspacher v. State*, 915 S.W.2d 384, 386–87 (Mo.App. W.D.1996). He specifically stated that he understood that "if [he] wanted any witnesses at either trial the Court would issue subpoenas for [the] witnesses."

The motion court ruled that movant's plea was voluntary. At no time during the plea hearing did movant contend that his plea was anything but voluntary, and movant does not assert that his attorney told him to lie at the plea hearing. Where, as here, the

guilty plea is both counselled and voluntary, claims of failure to investigate factual issues are "subsumed and rendered moot by [the] guilty plea." *Hagan v. State,* 836 S.W.2d 459, 464 (Mo. banc 1992).

In *Boxx v. State,* 857 S.W.2d 425 (Mo.App. E.D.1993), the movant filed a Rule 24.035 motion and alleged that his attorney was ineffective for failing to subpoena alibi witnesses. The motion court held an evidentiary hearing on other allegations contained in the motion but refused to allow testimony from the witnesses, which was "tantamount to a denial of an evidentiary hearing on that issue." *Id.* at 427.

The movant argued that the motion court erred in excluding the testimony of the witnesses, and our court stated:

> Defendant's claim of ineffective assistance of counsel for failure of his trial counsel to subpoena witnesses is refuted by the record. Defendant admitted the crime under oath. Therefore, testimony of witnesses who state he did not commit the crime would be of little benefit. Also, at the time of the plea hearing, Defendant would have known his trial counsel failed to subpoena his witnesses. Yet, he stated he was satisfied with his trial counsel's services. He also stated no one was forcing him to plead guilty or promising him anything in return for his plea. Defendant's belated claim of ineffective assistance of counsel is waived.

*Id. See also Trehan v. State,* 872 S.W.2d 156 (Mo.App. S.D.1994). Thus, the motion court did not clearly err in denying movant's post-conviction motion without an evidentiary hearing.

We make this determination despite movant's reliance on *State v. Driver,* 912 S.W.2d 52 (Mo. banc 1995), the most recent Missouri Supreme Court pronouncement on Rule 29.07(b)(4) inquiries. In *Driver,* the court denied movant's Rule 29.15 motion without an evidentiary hearing. The Missouri Supreme Court held that an evidentiary hearing was required because the Rule 29.07(b)(4) inquiry was not specific enough to refute movant's allegations. *Driver,* 912 S.W.2d at 56.[2]

Here, the Rule 29.07(b)(4) inquiry was similar to that of *Driver*[3]; thus, movant contends that an evidentiary hearing is required. However, unlike *Driver,* movant pled guilty, and at the guilty plea hearing, he admitted that he committed the two forgeries and further assured the court that his plea was voluntary during the Rule 24.02(b) and (c) inquiries. The court properly considered the admission of guilt and the voluntariness of the plea in denying movant's motion without an evidentiary hearing. The *Driver* opinion states:

> As a consequence of the thoroughness of the questioning conducted in most guilty plea proceedings, significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion.

*Driver,* 912 S.W.2d at 56.

The holding here is not inconsistent with *Driver.*

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.

---

2. In *Driver,* the trial judge questioned the defendant about her satisfaction with counsel.

> Q: At this time I want to ask you if you have any complaints against your attorney, the Public Defender's office in this case?
> A: No, sir.
> Q: You think they did you a good job?
> A: Yes, I do.
> Q: Did they do anything that you didn't want them to do?
> A: No.
> Q: Did they do everything you wanted them to do?

> A: Yes, sir.

3. At the guilty plea hearing, the following exchanges occurred:

> THE COURT: ... Do you know of any way that [defense counsel] has not done a good job as your attorney in these cases?
> [MOVANT]: No. He's been good.
> THE COURT: Is there anything you have asked him to do in either case that he has failed or refused to do?
> [MOVANT]: No.