Phillip D. SCHAFER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 68721.

Missouri Court of Appeals,
Western District.

May 6, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 1, 2008.

Nancy A. McKerrow, Columbia, for Appellant.

Shaun J. Mackelprang, Jamie Pamela Rasmussen, Jefferson City, for Respondent.

Before HOWARD, C.J., DANDURAND, and AHUJA, JJ.

JOSEPH P. DANDURAND, Judge.

Phillip Schafer appeals the denial without evidentiary hearing of his Rule 24.035 motion for post-conviction relief. Mr. Schafer's motion challenged his guilty plea to two counts of forgery. On appeal, Mr. Schafer claims it was error to deny his post-conviction motion without an evidentiary hearing and claims his plea counsel rendered ineffective assistance of counsel in failing to compare handwriting samples. The point is granted, and the judgment is reversed and remanded for further proceedings.

### Facts

On May 26, 2005, Phillip Schafer was charged with two counts of the class C felony of forgery pursuant to section 570.090. In an Amended Information, the State alleged Mr. Schafer was a prior offender. Mr. Schafer pled guilty on November 9, 2005.

During the plea hearing, the prosecutor informed the court the State would prove the following if the case went to trial: On December 8, 2004, Melody Inman's house was burglarized, and checks from a closed account with U.S. Bank were taken. Eight days later, Mr. Schafer passed a stolen check at U.S. Bank and another at Plaza 16, a convenience store. The checks were written for $150. The clerk at the convenience store would identify Mr. Schafer as the man who passed the checks. Mr. Schafer told police he had received the checks for work he had performed on a woman's car. He took the officers to the location, but the explanation was not consistent with what he showed police.

Mr. Schafer was sentenced in accordance with the plea agreement to two concurrent seven year sentences, execution suspended, five years probation, and 15 days shock time. On August 3, 2006, Mr. Schafer's probation was revoked, and his imposed sentence was executed. Mr. Schafer filed a timely motion for post-conviction relief pursuant to Rule 24.035. Counsel was appointed, and a timely amended motion was filed.

Mr. Schafer's sole claim in his amended motion was that his guilty pleas were involuntary, unknowing, and unintelligent because he had received ineffective assistance of counsel. He alleged plea counsel was ineffective in: (1) failing to investigate and prepare for trial; (2) failing to request funds from the court to secure a handwriting expert; and (3) failing to move to withdraw for lack of funds, which created his inability to adequately prepare for trial. Mr. Schafer alleged plea counsel had received copies of the checks passed and a handwritten statement from Lynn Huffman. It further alleged that the handwrit-

ing was similar and plea counsel should have obtained evidence that the same person wrote both the statement and the checks.

The motion court denied relief without an evidentiary hearing. It found that the files and records conclusively indicated Mr. Schafer was entitled to no relief. Mr. Schafer's timely appeal followed.

## Standard of Review

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings of facts and conclusions of law are clearly erroneous. Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997). "Regardless of the motion court's findings and conclusions in denying the appellant's motion, we must affirm the court's decision if sustainable upon other grounds." *Bode v. State,* 203 S.W.3d 262, 267 (Mo.App. W.D.2006).

## Analysis

In his sole point relied on, Mr. Schafer claims the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing. He asserts that he pled factual allegations which, if proven, would warrant relief. He also maintains that his allegations are not refuted by the record. Mr. Schafer states he was prejudiced by the inaction of counsel underlying his allegations and, accordingly, denied effective assistance of counsel. The point is granted.

Mr. Schafer's amended Rule 24.035 motion alleged:

> He was able to post a $10,000 bond through the use of a surety. He did not have the resources to pay a cash bond.

He retained Phillip Sawyer to represent him, and paid him approximately $1,500 of the agreed upon fee of $2,500.

He was unable to pay the rest of Mr. Sawyer's fee and was unable to pay for depositions or experts.

He told both the police and Mr. Sawyer that he received the stolen checks from Lynn Huffman for work he did on her car. Ms. Huffman admitted having met Mr. Schafer, but denied that she ever gave him any checks. Ms. Huffman gave the police a handwritten statement. Both Ms. Huffman's statement and the forged checks were turned over to defense counsel during discovery.

A casual examination of the checks and Ms. Huffman's handwritten statement reveals numerous similarities. These similarities are so obvious that a reasonably competent attorney, knowing his client's defense was that he was given the checks by Ms. Huffman for work done, would have investigated further.

His attorney either failed to recognize the need for a handwriting expert, or he recognized the need but failed to retain one. Trial counsel indicated that Mr. Schafer was unable to pay for any expenses associated with his defense, including depositions. A reasonably competent attorney under these circumstances should have either requested funding from the court pursuant to *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), or moved to withdraw on the basis that he lacked the funds necessary to effectively represent his client and allow Mr. Schafer to apply to the Public Defender, who had funds for such litigation expenses.

With the necessary funds, he could have retained a handwriting analyst, such as Don Lock, to examine the checks and Ms. Huffman's handwritten statement

and "on belief and information [the expert's] conclusion ... would have been that one or both of the checks were written by the same person who wrote Ms. Huffman's statement."

Had he had this evidence, he would not have pled guilty but would have insisted on a trial where he would have asserted his defense that he was given the checks for repair work, and he did not know that they had been forged or that the account was closed.

The motion court denied relief without an evidentiary hearing. The motion court found Mr. Schafer failed to say anything about needing money to obtain an expert to either the plea court or the probation revocation court. It found:

> [Mr. Schafer] pleaded guilty to the crimes charged and now seeks to be heard to say that if he had more money he would have done it differently. At the time of the plea and probation revocation hearing, [Mr. Schafer] never said anything about not having money for an expert. He raises it for the first time here. He was asked by the Court, "Are you, in fact, pleading guilty to these two counts because you've done what they claim you've done?" ... His answer was "Yes sir." ...
>
> [Mr. Schafer] claims that he was unable to pay for an expert and as such, his attorney should have requested funds from the Court to obtain one. The record indicates that [Mr. Schafer] came up with funds to obtain a $20,000 bond and private counsel who is recognized as an experienced criminal defense attorney before this Court. That record also indicates that he received consideration for probation in his plea bargain because he paid restitution in advance. He was able to come up with funds for restitution. At the time of the plea [Mr. Schafer] indicated he was working....

[Mr. Schafer] was not indigent and could obtain his own expert.

> This is not a case where [Mr. Schafer] could not have known of his lawyer's conduct and learned of it after his plea. He was paying restitution prior to obtaining a plea bargain for probation. The record persuades this Court that he was not, as he now claims, forced to decide between pleading guilty and accepting the State's offer or going to trial with counsel who was unprepared to adequately defend him, "which essentially assured conviction." Instead of coming up with restitution prior to plea he could have used those funds for an expert.
>
> The Court queries what errors were attributable to counsel. The case stated by [Mr. Schafer] appears to be one of newly found evidence after trial. The fact that a witness, after plea, comes forward with new evidence, is not grounds for relief under a Rule 24.035 motion. In reading the transcripts of the plea and the hearing on the Petition to Revoke Probation, there is nothing mentioned by [Mr. Schafer] that he needed a handwriting expert. [Mr. Schafer] was sentenced on the same day that he made his plea. After the factual basis was presented by the Prosecuting Attorney and upon specific questioning by the Court, [Mr. Schafer] claimed that he did the conduct charged. He admits that he later tried to get Mr. Sawyer to set-aside his plea when he found out "that the lady that wrote the checks was willing to step forward and admit to it that she had done it." This statement indicates that at the time of the plea [Mr. Schafer] had no reason to complain of Mr. Sawyer's conduct in not seeking funds for a handwriting expert. His reliance is on his claim of new evidence.
>
> After having heard the factual basis that the Prosecuting Attorney intended

to prove if the case went to trial, the Court let [Mr. Schafer] have the opportunity to withdraw his plea. He did not wish to withdraw his plea. He was then granted allocution by the Court asking him if he had any legal reason why it should not accept his plea and pronounce sentence at this time. His answer was that he did not. [Mr. Schafer] claims he chose to plead guilty because his attorney was not prepared. He claims that the lack of preparation was Mr. Sawyer's failure to seek funds from the Court for an expert. All of this was in [Mr. Schafer's] knowledge prior to his plea. He was given every opportunity to indicate to the Court that he was being compelled to plead because of his inability to obtain an expert and his lawyer's failures to obtain one for him. In addition, [Mr. Schafer] was making restitution payments prior to his plea in exchange for a plea bargain for probation.

Rule 24.035(h) provides that if the motion, the files and the records conclusively indicate that the movant is entitled to no relief, a hearing shall not be held. Based upon these and [Mr. Schafer's] own words, there is no reason to believe that he needed an expert at the time of his plea. Counsel for [Mr. Schafer] cannot be said to have failed to do what a reasonably competent attorney would have done under the same circumstances. The rights of [Mr. Schafer] under the United States and Missouri Constitutions have not been violated. His plea was voluntarily and knowingly made.

Mr. Schafer argues his plea counsel's representation fell below an objective standard of reasonableness when counsel failed to investigate whether the handwriting on the checks Mr. Schafer allegedly forged was similar to the handwritten statement of Lynn Huffman, the woman Mr. Schafer claimed gave him the checks. Mr. Schafer declares that, had plea counsel investigated and found that the handwriting matched, he would not have pled guilty but would have instead insisted on going to trial. Mr. Schafer also asserts that, had the court held an evidentiary hearing, he would have shown his guilty pleas were involuntary, unknowing, and unintelligent because he entered them without knowing evidence was available to corroborate his defense.

 "An evidentiary hearing is not required where 'the motion and the files and records of the case conclusively show that the movant is entitled to no relief.'" *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997)(quotation marks and citation omitted).

An evidentiary hearing is not required unless the motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant.

*Id.* (quotation marks omitted). "There is no requirement that the actual evidence be supplied with the motion." *Fisher v. State*, 192 S.W.3d 551, 556 (Mo.App. S.D. 2006). "[T]hat is the purpose of the *evidentiary* hearing." *Id.*

"To obtain an evidentiary hearing on claims of ineffective assistance of counsel, defendant must allege facts, not refuted by the record, showing (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced." *Coates*, 939 S.W.2d at 914. "[T]o satisfy the 'prejudice' requirement, a defendant challenging a guilty plea based on ineffective assistance

must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quotation marks omitted).

 "[A] guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that is affects the voluntariness and understanding with which the movant made his plea." *Bequette v. State*, 161 S.W.3d 905, 907 (Mo. App. E.D.2005). "A plea must not only be a voluntary expression of the defendant's choice; it must also be a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." *Id.* " 'A plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded.' " *Id.* at 907–08 (quoting *Drew v. State*, 436 S.W.2d 727, 729 (Mo.1969)).

 "When counsel is charged with failing to conduct an adequate investigation we look to whether [he] fulfilled [his] obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary." *Fisher*, 192 S.W.3d at 555 (Mo.App. S.D.2006).

> To succeed on his ineffective assistance of counsel claim based on inadequate preparation or investigation, the appellant was required to allege: (1) what information his attorney failed to discover; (2) that a reasonable investigation or preparation would have resulted in the discovery of such information; and (3) that the information would have aided or improved his position at trial.

*Redeemer v. State*, 979 S.W.2d 565, 569 (Mo.App. W.D.1998).

Mr. Schafer is correct that he alleged facts warranting relief. He identified the information his plea counsel failed to discover. He alleged that a reasonable investigation or preparation would have resulted in the discovery of such information. Finally, he asserted the information would have aided or improved his position at trial as it would have corroborated his story that he obtained the checks from Ms. Huffman.

Mr. Schafer also sufficiently alleged prejudice. He stated he pled guilty because he feared going to trial with an attorney who was not ready to defend him. He also alleged he was mistaken in his belief that there was no evidence available to support his defense. Mr. Schafer states that had his counsel not been ineffective, he would have had evidence Ms. Huffman wrote the forged checks. This would have improved his position because it would have proved he was telling the truth and passed the checks not knowing they were forged. He claims that, had this evidence been obtained, he would have insisted on going to trial.

Nothing in the record refutes these allegations. The motion court's finding that Mr. Schafer had the funds necessary to secure a handwriting expert is not supported by the record. Mr. Schafer alleged he was only able to obtain a bond through a surety and was unable to fully pay his plea counsel's fee. The restitution cited by the motion court was for the amount of $300. Moreover, Mr. Schafer alleged plea counsel would verify that he was unable to pay expenses associated with the case.

The record also fails to demonstrate Mr. Schafer was aware at the time he entered his plea that the handwriting on the checks and Ms. Huffman's handwritten statement were similar. The motion court's reliance on statements made at the probation revocation hearing is misplaced. It deter-

mined Mr. Schafer's claim was that evidence was discovered after his plea. To the contrary, Mr. Schafer's claim in his Rule 24.035 motion was that his counsel was ineffective for failing to retain a handwriting expert before the guilty plea. He alleged that his plea counsel possessed the checks and similar handwritten statement before the plea was entered and should have retained an expert to compare the handwriting.

The allegation that Mr. Schafer was coerced into pleading guilty is not waived because he entered a guilty plea. *See Morrison v. State*, 65 S.W.3d 561, 564 (Mo. App. W.D.2002)("[H]e has alleged that his plea was involuntary because counsel coerced him into pleading by failing to prepare. Morrison's claim that he was coerced into pleading guilty is not waived by his entering a guilty plea.").

Significantly, Mr. Schafer was not questioned about his plea counsel's performance at the time he entered his guilty plea. In its brief, the State contends Mr. Schafer cannot argue his counsel was ineffective for failing to investigate because he admitted at his plea hearing committing the crimes alleged. It relies on *Melton v. State*, 927 S.W.2d 391, 393–94 (Mo.App. E.D.1996), for the proposition that an evidentiary hearing is not required when the movant admits under oath he committed the crime and had not been coerced into pleading guilty. In *Melton*, the movant pled guilty to two counts of forgery. *Id.* at 392. In his Rule 24.035 motion, he claimed ineffective assistance of counsel because his plea counsel failed to interview witnesses who would exonerate him and failed to pursue handwriting analysis. *Id.* at 393. The court noted:

> Both of movant's allegations relate to evidence which would allegedly exonerate him of the forgery charges, but at the guilty plea hearing, movant admitted

that he had committed both counts of forgery:

[THE COURT:] And in the forgery case you are entering a plea of guilty because you are guilty; is that correct?

[MOVANT:] Yes.

Q And on February 13, 1991, at 9965 Lewis & Clark Boulevard in St. Louis County did you use a check of Forsyth School and did you forge that check?

A Yes, sir.

Q And on February 14, the next day, at the same place, did you forge another check of Forsyth School?

A Yes, sir.

Movant also testified that he was not threatened or coerced to plead guilty or promised anything in return for his plea. He stated that he understood his rights, the effect of his waiver of those rights, and the consequences of his guilty plea, and he asserted that counsel had "been good" and done everything that movant asked him to do. *See Eberspacher v. State*, 915 S.W.2d 384, 386–87 (Mo.App. W.D.1996). He specifically stated that he understood that "if [he] wanted any witnesses at either trial the Court would issue subpoenas for [the] witnesses."

*Id.*

The case *sub judice* is distinguishable. The following exchange occurred during Mr. Schafer's guilty plea:

> **Court:** Mr. Schafer, there are two counts here. The first count states as follows: the Prosecuting Attorney of the County of Pettis, State of Missouri, charges that you, in violation of Section 570.090, revised Statutes of Missouri, committed the Class C felony of forgery punishable upon conviction under Sections 558.011 and 560.011, revised Statutes of Missouri, in that on or about December the 16th, 2004, in Pettis County, Missouri, you, with the purpose

to defraud, used as genuine a Check No. 702 on the account of Melody Iman at U.S. Bank, and at that time you knew that this writing had been made so that it purported to have been made by another. That is Count 1.

Count 2. The Prosecuting Attorney of the County of Pettis, State of Missouri, charges that you, in violation of Section 570.090, revised Statutes of Missouri, committed the Class C felony of forgery punishable upon conviction under Sections 558.011 and 560.011, revised Statutes of Missouri, in that on or about December the 16th, 2004, in Pettis County, Missouri, you, with the purpose to defraud, used as genuine a Check No. 703 on the account of Melody Iman at U.S. Bank, and at that time you knew that this writing had been made so that it purported to have been made by another.

. . . .

**Court:** Having heard your rights, the maximum range of punishment, and the charges, do you plead guilty or not guilty?

**Mr. Schafer:** Guilty.

**Court:** Are you doing that voluntarily and of your own free will?

**Mr. Schafer:** Yes, sir.

**Court:** Other than a plea agreement that may have been offered by the Prosecuting Attorney's office, has anyone forced you to make this plea?

**Mr. Schafer:** No, sir.

**Court:** Are you claiming to be under the influence of any alcohol or drugs at this time which would prevent you from understanding what you're doing?

**Mr. Schafer:** No, sir.

**Court:** Are you, in fact, pleading guilty to these two counts because you've done what they claim you've done?

**Mr. Schafer:** Yes, sir.

**Court:** Mr. Prosecutor, your factual basis?

**Prosecutor:** Judge, if we tried this case, we would expect to prove beyond a reasonable doubt that on December the 8th, 2004, a woman named Melody Iman had her house burglarized. Ms. Iman had an account at U.S. Bank here is Sedalia, and she had closed the accounts and had checks put away somewhere.

She didn't immediately notice that they were gone, but then on December the 16th, eight days later, the defendant, Mr. Schafer, passed two of those stolen checks from Melody Iman on that account at U.S. Bank, passed two of them at the convenience store at 16th and Ohio, Plaza 16 or something like that. They were written in the amount of $150.

The clerk at the store picked Mr. Schafer out of a line-up. Police officers later talked to Mr. Schafer who admitted he had passed the checks. He told the officers that he had got the checks from some woman he could not identify for doing some work on her car.

The officers offered to take him to where the car work had been done, and he showed them, but the explanation that he gave-I mean, it didn't match up with what he was showing. That would be the gist of our proof, Judge.

. . . .

**Court:** Mr. Schafer, you've heard the factual basis as expressed by the people through their prosecuting attorney's office, you've also heard the recommendation that's being made. Now is your opportunity to withdraw your guilty plea as if it had never taken place and go to trial. Do you wish to withdraw your guilty plea and go to trial, or do you wish to maintain your guilty plea and accept this recommendation by the State?

**Mr. Schafer:** Maintain guilty plea.[1]

In contrast to *Melton,* Mr. Schafer made a blanket admission he had done the acts for which he was charged.

In its brief, the State declares Mr. Schafer "admitted under oath that he attempted to cash the checks and that when he did so he knew that they were not genuine." This is an overstatement; Mr. Schafer only stated he had done what the State claimed he had done. The State did not assert in its factual basis that Mr. Schafer was aware the checks were forged when he attempted to cash them. The fact that the State's proffered factual basis did not address the critical *scienter* requirement undercuts the significance we might otherwise ascribe to Ms. Schafer's blanket admission that he had committed the offenses with which he was charged. *See Morgan v. State,* 852 S.W.2d 374, 375 (Mo. App. S.D.1993)(holding that a defendant having the Information read to him and admitting guilt is sufficient because, unlike the case *sub judice,* "before accepting the guilty plea, the trial court expressly established that the defendant understood the charges, that he had discussed them with his attorney, and understood the facts of the case"). Rule 24.02(e)'s requirement that the Court "determine [ ] that there is a factual basis for the plea" is specifically "designed to protect an accused who may appear to be pleading voluntarily and with an understanding of nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge." *Price v. State,* 137 S.W.3d 538, 541–42 (Mo.App. S.D.2004)(citing *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969)). Further, Mr. Schafer was not questioned as to counsel's performance. Finally,

there was no statement as to his understanding that witnesses could be brought before the court.

■ "To preclude an evidentiary hearing, inquiry into defendant's satisfaction with performance of trial counsel conducted at sentencing proceedings must be specific enough to elicit responses from which motion court may determine that record refutes conclusively allegation of ineffectiveness asserted in motion for post-conviction relief based upon ineffective assistance of trial counsel." *Evans v. State,* 921 S.W.2d 162, 165 (Mo.App. W.D.1996). "Statements made by the defendant during sentencing refute ineffective assistance of counsel claims if the questions and responses are specific enough to refute conclusively the movant's allegations." *Redeemer,* 979 S.W.2d at 571(quotation marks omitted). This occurred in *Melton.* It also occurred in *Evans,* cited by the State:

> In the case at bar, the record reflects that appellant knew that counsel had not sought a medical expert to attempt to refute the State's evidence, but appellant wished to enter his plea anyway. Thus, the voluntariness of appellant's plea was not affected by counsel's failure to pursue medical testimony and the inquiry was specific enough to preclude an evidentiary hearing.

*Evans,* 921 S.W.2d at 165. It similarly occurred in *Redeemer,* also cited by the State:

> The questions posed by the trial court and the appellant's responses thereto, in our view, were specific enough to conclusively refute his claim that his pleas were involuntary by reason of his trial counsel's failure to properly prepare for

1. While the issue is not before this court, it questions the sufficiency of the factual basis

supporting Mr. Schafer's guilty plea.

trial in that they reveal that he never intended to go to trial and only initially pled not guilty in order to allow his counsel time to negotiate a better plea agreement with the State. The exchange between the court and the appellant also reveals that his only source of dissatisfaction with his counsel's representation was with the plea agreement that was negotiated with the State. As such, we find that the motion court was not clearly erroneous in its finding that the record conclusively refuted the notion that the appellant would have spurned the plea agreement and gone to trial had his counsel somehow been more adequately prepared to go to trial. *Redeemer*, 979 S.W.2d at 571. Such an exchange did not occur on the record between the plea court and the movant in the case *sub judice*. The record would have benefitted from a plea transcript revealing that Mr. Schafer had been asked by the plea court if there was anything his attorney had failed to do that he wanted done and if there was anything his attorney had done with which he was dissatisfied. Instead, the record lacks the specificity required to refute Mr. Schafer's allegations. The fact that Mr. Schafer was not questioned as to his satisfaction with his attorney's performance serves to distinguish this case from the discussion of ineffective assistance of counsel claims in two other cases the State cites, *Trehan v. State*, 872 S.W.2d 156, 158-59 (Mo.App. S.D.1994), and *Boxx v. State*, 857 S.W.2d 425, 427 (Mo.App. E.D.1993).

The State further argues that the testimony of a handwriting expert would not have provided Mr. Schafer with a viable defense because Mr. Schafer did not have to write the checks to be guilty of forgery. It claims a handwriting expert would not have aided Mr. Schafer's defense. Mr. Schafer's knowledge that the checks were forged when attempting to cash them is an element of forgery. His defense was that he did not know they were forged because he received them from Ms. Huffman for work performed and assumed they were valid payment. An expert's testimony that Ms. Huffman wrote the checks would corroborate this defense.

Mr. Schafer alleged sufficient facts which, if true, warranted relief. He further alleged he would not have pled guilty had a handwriting expert been obtained. Nothing in the record conclusively shows that Mr. Schafer was not entitled to relief. He was entitled to an evidentiary hearing on the matter. It necessarily follows that the motion court erred in denying him an evidentiary hearing.

Mr. Schafer's point is granted.

### Conclusion

The motion court erred in denying Mr. Schafer's Rule 24.035 motion without providing him the opportunity to prove his allegations at an evidentiary hearing. The motion court's judgment is reversed. The matter is remanded for an evidentiary hearing.

All concur.