

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| RODNEY SIMMONS, | ) | |
| | ) | |
| Appellant, | ) | WD78943 |
| | ) | |
| v. | ) | OPINION FILED: October 25, 2016 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable David M. Byrn, Judge

Before Division One:  Thomas H. Newton, Presiding Judge, Cynthia L. Martin, Judge
and Edward R. Ardini, Jr., Judge

Rodney Simmons ("Simmons") appeals from the denial of his Rule 24.035 motion following an evidentiary hearing.  Simmons argues that his claim of ineffective assistance of counsel was not refuted by the record as found by the motion court; that he suffered prejudice contrary to the motion court's finding; and that the trial court's deference to trial counsel's belief that Simmons should plead guilty deprived Simmons of his personal right to make the decision to plead guilty.  Finding no error, we affirm.

## Factual and Procedural History

Simmons pled guilty on May 28, 2013 pursuant to a plea agreement with the State. In exchange for Simmons's plea to murder in the second degree and armed criminal action, the State agreed to reduce Simmons's murder charge from first degree to second degree; to drop additional charges for the class C felony of possession of a controlled substance and the class A felony of trafficking in the second degree; to cap Simmons's sentences at 25 years; and to not refer Simmons to federal authorities. The court accepted Simmons's guilty pleas and sentenced him to 25 years on each count, to run concurrently. The guilty plea record established a factual basis for Simmons's pleas, as the State alleged it would prove at trial that on December 27, 2011, Simmons shot a man with a gun.

On August 23, 2013, Simmons filed a timely Rule 24.035 motion seeking to set aside his guilty pleas and sentences. Postconviction counsel was appointed, but failed to timely file an amended motion. Postconviction counsel sought and secured reappointment of the public defender as Simmons's counsel based on abandonment. Postconviction counsel then timely filed an amended Rule 24.035 motion ("Motion"). The Motion alleged that plea counsel was ineffective because he failed to investigate Simmons's competency by having a mental evaluation done before Simmons pled guilty, and because he failed to investigate, advise Simmons about, and prepare a diminished capacity defense. During an evidentiary hearing on Simmons's motion, six witnesses testified, including Simmons, plea counsel, a psychologist, and Simmons's grandmother, wife, and mother. The essence of Simmons's claim during the evidentiary hearing was that plea counsel did not advise him about, or prepare, an "imperfect" diminished capacity defense which, according to

2

Simmons, would have permitted the submission of a verdict director for involuntary manslaughter to the jury. Simmons argued that had he known about the possibility of submitting his case to the jury on this basis he would not have pled guilty, and he would have insisted on going to trial.

The motion court denied both of Simmons's claims of ineffective assistance of counsel. Simmons has not appealed the denial of his claim that plea counsel failed to have Simmons's competency evaluated before Simmons pled guilty.[1] Simmons appeals only the denial of his second claim of ineffective assistance of counsel. With respect to that claim, the motion court concluded that the claim was "refuted by the record" because plea counsel and the court addressed the diminished capacity defense with Simmons during the guilty plea hearing, and Simmons acknowledged he understood and was waiving all defenses. The motion court also found that in any event, Simmons suffered no prejudice because he had been charged with first degree murder, and a successfully advanced diminished capacity defense would have reduced his conviction to second degree murder—the offense for which he pled guilty. Finally, the motion court found that even if Simmons could have used a claim of diminished capacity to require submission of an involuntary manslaughter verdict director, plea counsel credibly testified that to do so, Simmons would have been required to testify, which would have exposed the jury to evidence of Simmons's "long criminal history" to Simmons's significant detriment.

Simmons timely filed this appeal.

---

[1]The motion court found that "[t]he record of the guilty plea and sentencing hearing both clearly demonstrate that [Simmons] was competent at the guilty plea and the sentencing hearing." Simmons does not contest this finding.

3

**Standard of Review**

Our review of the motion court's denial of Simmons's Motion "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009) (citing Rule 24.035(k)). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id.* (citing *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007)). "'We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility.'" *Porter v. State*, 480 S.W.3d 455, 457 (Mo. App. W.D. 2016) (quoting *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013)).

**Analysis**

Simmons appeals the motion court's denial of his claim that plea counsel was ineffective by failing to investigate, advise Simmons about, and prepare a diminished capacity defense. In his first point, Simmons argues that it was error for the motion court to find that his claim of ineffective assistance was refuted by the record because his on-the-record waiver of the defense of diminished capacity was ambiguous. Simmons's second point argues that it was error to conclude that he suffered no prejudice because the motion court mistakenly believed that a diminished capacity defense could at best yield a conviction of second degree murder. Simmons's third point alleges that the motion court erroneously deprived him of the personal right to choose whether to plead guilty by relying on plea counsel's opinion that it was in Simmons's best interests to plead guilty because a

diminished capacity defense aimed at involuntary manslaughter would have required Simmons to testify, permitting the admission of detrimental evidence.

"In order to prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was prejudiced thereby." *Whitehead v. State*, 481 S.W.3d 116, 122 (Mo. App. E.D. 2016) (citing *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) itself citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Both the performance and prejudice prongs must be established. *Sanders*, 738 S.W.2d at 857. Thus, a movant's failure to sustain his burden as to one of the required prongs negates any need to address the other. *Id*.

With respect to the performance prong, following a guilty plea, "the effectiveness of counsel is immaterial except to the extent it impinges on the voluntariness and knowledge with which a [movant] pled guilty." *Cain v. State*, 859 S.W.2d 715, 717 (Mo. App. E.D. 1993) (citing *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992)). The dereliction of plea counsel's duty must "materially affect[] [movant's] substantial rights" and render the guilty plea an unintelligent and unknowing act. *Whitehead*, 481 S.W.3d at 123 (quoting *Evans v. State*, 921 S.W.2d 162, 164 (Mo. App. W.D. 1996)). To establish the prejudice prong following a guilty plea, a movant must show that "but for counsel's ineffective assistance, he would have not pleaded guilty and instead would have insisted upon going to trial." *Id*. (citing *May v. State*, 309 S.W.3d 303, 306 (Mo. App. E.D. 2010)).

5

In his first point on appeal, Simmons complains that the motion court erroneously denied his claim that plea counsel was ineffective for failing to investigate, advise Simmons about, or prepare a diminished capacity defense because the claim was "refuted by the record." The motion court found that plea counsel and the court addressed the diminished capacity defense with Simmons during the guilty plea hearing, and that Simmons acknowledged that he understood, and was waiving the defense. This finding was based on the following relevant inquiry during the guilty plea hearing:

State: Mr. Simmons, you indicated that you had a mental defect of paranoid schizophrenia, correct?

Simmons: Yes, ma'am.

State: So you understand by pleading guilty, you're giving up the right to use that defense?

Simmons: Yes, ma'am.

State: So, if you wanted to use that as a defense, you can't use it by pleading guilty?

Simmons: Yes, ma'am.

State: Okay. That's all I have.

The Court: Just to follow-up on that, do you understand that if we had a trial in this case, that might be or might not be a defense in this case –

Simmons: Yes.

The Court: -- your mental . . . your mental situation?

Simmons: Yes, sir.

6

The Court: And it could very well be that you present a defense where your actions could be mitigated by that mental condition. Do you understand that?

Simmons: Yes, sir.

The Court: And you're waiving any right to pursue that?

Simmons: Yes, sir.

Plea Counsel: Judge, for the record, he and I have expressly, specifically discussed diminished capacity with respect to that as a potential defense. He's done independent research. He's compared it to my opinions and advice on it, and he understands he's waiving that as a potential defense.

The Court: All right.

Plea Counsel: As well as self-defense in this case.

The Court: And again, without getting into your specific discussions with your attorney, has he summarized your conversations with him with regard to your possible defenses?

Simmons: Yes, sir.

The Court: And he's explained those defenses to you?

Simmons: Yes, sir.

The Court: And you are waiving those defenses, you understand, by pleading guilty today?

Simmons: Yes, sir.

Given this inquiry, the motion court did not clearly err in finding that plea counsel and the court addressed the diminished capacity defense with Simmons, that Simmons understood the nature of the defense, and that Simmons voluntarily waived the defense in order to accept the State's plea offer—an offer which extended very favorable terms to Simmons in

exchange for his plea. The motion court did not clearly err in concluding that Simmons's ineffective assistance of counsel claim was refuted by the record.

Simmons argues that the record does not "conclusively" show that he is not entitled to relief. Simmons relies on four cases for this proposition: *Webb v. State*, 334 S.W.3d 126, 130 (Mo. banc 2011); *Roberts*, 276 S.W.3d at 835-36; *State v. Driver*, 912 S.W.2d 52, 54-55 (Mo. banc 1995); and *Frantz v. State*, 451 S.W.3d 697, 702 (Mo. App. W.D. 2014). These cases are of no assistance to Simmons. *Webb*, *Roberts*, and *Driver* address whether a claim was sufficiently refuted by the record to support depriving a postconviction movant of an evidentiary hearing. Here, of course, Simmons was afforded an evidentiary hearing on his postconviction claim, and called six witnesses to testify. *Frantz* addresses whether a sufficient factual basis for a guilty plea is present in the guilty plea record, an issue that is not challenged in this case.

Simmons nonetheless argues that his "general agreement during his guilty plea that he and plea counsel discussed a diminished capacity defense does not conclusively refute [his] claim that plea counsel failed to advise him of a specific diminished capacity defense when there was more than one diminished capacity defense available." [Appellant's Brief p. 24] The essential premise of Simmons's argument is that although a diminished capacity defense will only support submission of the lesser included offense of second degree murder where first degree murder is charged, an "imperfect" diminished capacity defense will support submission of the lesser included offense of involuntary manslaughter. As such, according to Simmons, the general on-the-record discussion about the diminished

capacity defense cannot be said to refute his specific claim that an "imperfect" diminished capacity defense was never discussed with him, or pursued by plea counsel.

Simmons's argument is not persuasive. Because the on-the-record discussion of the diminished capacity defense was general, and was *not* limited to a particular benefit that Simmons could attain, the discussion plainly applied to *any* potential use of the defense. The plea court specifically asked Simmons whether he understood that "it could very well be that you present a defense where your actions could be mitigated by that mental condition." Simmons expressed his understanding of this fact, and nonetheless waived the defense, for whatever purpose it might have served.

Even more compelling, the essential premise of Simmons's claim is not supported by the law. Simmons cites *State v. Beeler*, 12 S.W.3d 294 (Mo. banc 2000) for the proposition that an "imperfect" diminished capacity defense requires submission of involuntary manslaughter where first degree murder is charged. *Beeler* does not stand for this proposition.

In *Beeler*, the Missouri Supreme Court ruled that reckless conduct sufficient to support a submission of involuntary manslaughter can be demonstrated by an "intentional act of defending one's self, if in doing so one uses unreasonable force." *Id*. at 299. The Supreme Court was addressing, however, the defense of self-defense, and thus recognized that reliance on an "imperfect" defense of self-defense could warrant submission of involuntary manslaughter to the jury. *Id*. *Beeler*, and its subsequent progeny, do not address the diminished capacity defense. *See State v. Frost*, 49 S.W.3d 212, 218 (Mo. App. W.D. 2001) (holding that imperfect self-defense evidence will support submission of

9

involuntary manslaughter where "either the need to defend or the manner in which [a person] defended herself was unreasonable"); *State v. Davis*, 26 S.W.3d 329, 333 (Mo. App. E.D. 2000) (holding that defendant was entitled to lesser-included offense instruction on involuntary manslaughter where self-defense was at issue, but evidence suggested unreasonable use of force). There is simply no authority for the proposition that an "imperfect" diminished capacity defense is even recognized in Missouri, let alone a basis for submitting involuntary manslaughter where first degree murder is charged. The aforesaid guilty plea colloquy reflects that Simmons also waived the defense of self-defense. Simmons has not claimed ineffective assistance of counsel based on plea counsel's failure to investigate, advise him about, or prepare, self-defense (imperfect or otherwise) as a defense to first-degree murder. It would be too late for him to raise this claim now. Rule 24.035(b) ("Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of . . . any claim that could be raised in a motion filed pursuant to this Rule 24.035."); *see Gerhke v. State*, 280 S.W.3d 54, 59 (Mo. banc 2009) (holding that "[i]f a claim could have been raised in a Rule 24.035 or Rule 29.15 motion but was not raised, the movant waives that claim").

Finally, Simmons's first point on appeal suffers an additional flaw. The motion court rejected Simmons's claim of ineffective assistance of counsel not only because it was refuted by the record, but also because the claim was deemed not credible. The motion court found that Simmons and his family member witnesses each credibly testified that they were dissatisfied with the length of Simmons's sentences, and not with the guilty plea process itself, as each complained that Simmons's sentences should have been in the range

10

of 10-15 years, and not the 25 year concurrent sentences imposed. The motion court found that this credible testimony negated the credibility of Simmons's claim that plea counsel was ineffective. In other words, the motion court found that Simmons's claim that plea counsel failed to investigate, advise him about, and prepare for a diminished capacity defense was a ruse orchestrated in response to Simmons's dissatisfaction with the length of his sentence. We defer to the motion court's credibility determination. *Porter*, 480 S.W.3d at 457. This unchallenged credibility determination independently supports denial of Simmons's claim of ineffective assistance of counsel, regardless whether the claim was refuted by the record.

Simmons's first point on appeal is denied. Because the motion court did not clearly err in concluding that Simmons's claim of ineffective assistance of counsel was refuted by the record, and because Simmons's claim was also deemed not credible, his second and third points on appeal are rendered moot, and need not be addressed.[2]

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[2]Simmons's second point alleges motion court error in finding that Simmons sustained no prejudice by virtue of plea counsel's alleged failure to investigate, advise him about, and prepare for, a diminished capacity defense because the motion court mistakenly believed the defense would only permit submission on the lessor included offense of second degree murder. Our rejection of Simmons's erroneous premises that an "imperfect" diminished capacity defense is recognized in Missouri, and supports submission of involuntary manslaughter, would also operate to require us to deny Simmons's second point on appeal. Similarly, because there is no merit to Simmons's contention that there is a recognized "imperfect" diminished capacity defense which supports submission of involuntary manslaughter, we would also be required to deny his third point on appeal, which claimed error because the motion court accepted plea counsel's opinion that Simmons would have been better off pleading guilty than attempting to submit on involuntary manslaughter based on an "imperfect" diminished capacity defense.

11