Cynthia L. Martin, Judge
Desmond Deen ("Deen") appeals from the denial of his Rule 24.035 motion following an evidentiary hearing. Deen argues that the motion court clearly erred in denying his claims that counsel was ineffective for failing to investigate his mental capacity at the time of his offenses and at the time of his guilty plea. Finding no error, we affirm.
Factual and Procedural Background
In February 2012, Deen was charged by indictment with domestic assault in the second degree, resisting arrest, and misdemeanor assault of a law enforcement officer in the third degree. These charges arose after Deen threw a beer bottle at his mother's head and then resisted the ensuing arrest by brandishing a table leg with a protruding screw at law enforcement officers. Deen pleaded guilty to all three charges in July 2012. The trial court sentenced Deen to concurrent four-year terms of imprisonment for domestic assault and resisting arrest, and a one-year term of imprisonment for assaulting a law enforcement officer. The trial court suspended the execution of Deen's sentences and placed him on probation for five years. But in 2015, after Deen struck a public defender with whom he met for another matter, the trial court revoked Deen's probation and executed his sentences.
Deen filed a timely pro se motion for post-conviction relief. Post-conviction counsel filed a timely amended motion in July 2016. The amended motion asserted three claims for post-conviction relief, all based on an alleged ineffective assistance of counsel. The amended motion claimed (i) that plea counsel was ineffective for failing to investigate Deen's mental capacity at the time of his offenses, which could have established that Deen was not responsible for his criminal conduct because of mental disease or defect under section 552.030;[1] (ii) that plea counsel was ineffective for failing to investigate Deen's mental capacity at the time of his guilty plea to possibly establish that Deen lacked the capacity to understand the plea hearing or assist in *138 his own defense pursuant to section 552.020; and (iii) that counsel at Deen's probation violation hearing was ineffective for failing to investigate Deen's mental capacity to possibly establish that Deen lacked the capacity to understand his probation hearing or assist in his own defense pursuant to section 552.020.
The motion court held an evidentiary hearing on these claims in October 2016. At the hearing, Deen presented testimony from his mother, his brother, and a psychiatrist named Dr. Muskinni Salau ("Dr. Salau"), who performed a psychiatric evaluation of Deen. Deen's mother and brother testified that Deen was originally from Sierra Leone, and that Deen came to the United States in 2011. Dr. Salau discussed the medical and psychiatric records he reviewed and detailed Deen's mental health history, including his mental competency at the time of the offenses and at the time of his guilty plea. Dr. Salau concluded that Deen suffered from a mental disease or defect at the time of his offenses that rendered him incapable of knowing the nature, quality, or wrongfulness of his conduct. Dr. Salau also concluded that Deen lacked the mental capacity at the time of his guilty plea to understand the proceeding or assist in his own defense. Dr. Salau made the same conclusion about Deen's mental capacity at the time of his probation hearing.
Deen's plea counsel also testified at the evidentiary hearing. Plea counsel stated that he knew Deen was from Sierra Leone because that was a "big part" of the work he did on the case, specifically referring to immigration issues. Plea counsel testified that Deen did not like the United States, that Deen wanted to go home to Sierra Leone, and that Deen wanted to go home "the fastest way." As a result, plea counsel focused his investigation on Deen's immigration status. Deen cooperated with this strategy by giving plea counsel information regarding deportation that counsel could then pass along to the appropriate authority. Additionally, during Deen's plea and sentencing hearings, plea counsel confirmed that he and Deen discussed Deen's immigration status in accordance with Padilla v. Kentucky , which requires defense counsel to provide advice about the possibility of deportation arising from a guilty plea. 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) ; Chaidez v. United States , 568 U.S. 342, 344, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013).
Plea counsel further testified at the evidentiary hearing that he discussed the possibility of incarceration with Deen. Deen relayed to plea counsel that he remembered what he did for each offense and told counsel that he was guilty. Plea counsel recalled that Deen stated he wanted to plead guilty. During his interactions with Deen, plea counsel did not observe anything about Deen's behavior that alerted him to issues regarding Deen's mental competency, and it was plea counsel's view that Deen understood the proceedings.
Following the evidentiary hearing, the motion court entered judgment denying all of Deen's post-conviction claims. In denying the claims relating to Deen's mental capacity at the time of his offenses and guilty plea, the motion court cited plea counsel's testimony that he had advised Deen of the potential consequences a guilty plea could have on his immigration status and that Deen wanted to return to Sierra Leone.
This timely appeal followed.
Standard of Review
Appellate review of the denial of post-conviction relief "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous."
*139 Roberts v. State , 276 S.W.3d 833, 835 (Mo. banc 2009). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." Id. We presume that the motion court's findings are correct, and we defer to the motion court on matters of credibility. Simmons v. State , 502 S.W.3d 739, 741 (Mo. App. W.D. 2016). The motion court's judgment will be affirmed if it is sustainable on any ground. Swallow v. State , 398 S.W.3d 1, 3 (Mo. banc 2013).
Analysis
Deen asserts two points on appeal. In Point One, Deen argues that the motion court clearly erred in denying his claim that plea counsel was ineffective for failing to investigate his mental capacity at the time of his offenses. Deen claims that such an investigation would have provided evidence that Deen was not responsible for his criminal conduct due to mental disease or defect, allowing him to possibly plead not guilty by reason of mental disease or defect. In Point Two, Deen alleges that the motion court erred in denying his claim that plea counsel was ineffective for failing to investigate his mental capacity at the time of his guilty plea because such an investigation would have established that Deen was incompetent to proceed with his plea. We address these points together as both claim that plea counsel was ineffective for failing to investigate Deen's mental capacity.[2]
"To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." Dorsey v. State , 448 S.W.3d 276, 286-87 (Mo. banc 2014). "Both the performance and prejudice prongs must be established." Simmons , 502 S.W.3d at 742. Thus, a movant's failure to establish one prong "negates any need to address the other." Id.
"To show defective performance by counsel, a defendant 'must show by a preponderance of the evidence that [counsel's] actions fell below an objective standard of reasonableness.' " Wray v. State , 474 S.W.3d 230, 237 (Mo. App. W.D. 2015) (alteration in original) (quoting Neal v. State , 379 S.W.3d 209, 215 (Mo. App. W.D. 2012) ). In doing so, a post-conviction movant "must overcome the presumption that any challenged action was sound trial strategy." Cherco v. State , 309 S.W.3d 819, 822 (Mo. App. W.D. 2010).
Furthermore, as part of counsel's duty to provide reasonably competent performance, "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary ." Dorsey , 448 S.W.3d at 291 (emphasis added) (quoting Strickland v. Washington , 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). "In assessing the reasonableness of a decision not to investigate, great deference is applied to counsel's judgments." Id. (citing Strickland , 466 U.S. at 691, 104 S.Ct. 2052 ). The reasonableness of counsel's actions, including a decision not to investigate, "may be determined or substantially influenced by the defendant's *140 own statements or actions." Cherco , 309 S.W.3d at 825-26 (quoting Strickland , 466 U.S. at 691, 104 S.Ct. 2052 ). Thus, "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions." Strickland , 466 U.S. at 691, 104 S.Ct. 2052. For example, "when a defendant has given counsel reason to believe that pursuing certain investigations would be ... harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." Id.
Based on his interactions with Deen, plea counsel did not see any reason to investigate Deen's mental competency, and counsel believed that Deen understood the proceedings. Deen specifically told plea counsel that he wanted to plead guilty and return to Sierra Leone in the fastest way possible. Because of these statements, plea counsel focused his strategy on Deen's immigration status. Deen supported plea counsel's strategy to seek possible deportation by providing counsel with the necessary deportation information that counsel would then give to the appropriate authority. In light of Deen's statements and actions, Deen has not demonstrated why it was an unreasonable strategy for plea counsel to pursue a guilty plea and attempt to facilitate deportation, regardless of the potential availability of a defense based on Deen's mental health. "Pursuing one reasonable strategy to the exclusion of another does not constitute ineffective assistance of counsel." Barton v. State , 432 S.W.3d 741, 753 (Mo. banc 2014).
Furthermore, plea counsel's decision not to pursue a strategy based on Deen's potential lack of capacity is consistent with Deen's desire to return to Sieera Leone "the fastest way." Any person found not responsible for criminal conduct based on mental disease or defect at the time the offense will be "committed to the director of the department of mental health for custody." Section 552.040.2 (addressing a defendant's commitment following an acquittal on the ground of mental disease or defect excluding responsibility); see also section 552.030.2 (stating that a person shall be committed pursuant to section 552.040 "[u]pon the state's acceptance of the defense of mental disease or defect excluding responsibility"). Similarly, if a person is found to lack the capacity to understand the proceedings against him or to assist in his own defense, "the criminal proceedings shall be suspended and the court shall commit him to the director of the department of mental health." Section 552.020.9. Thus, successfully establishing that Deen lacked the mental capacity to either be responsible for his conduct or to proceed with his guilty plea would have resulted in Deen being committed to the custody of the Department of Mental Health ("DMH"). Possible commitment to DMH's custody gave plea counsel reason to believe that investigations into Deen's mental capacity would be harmful to Deen's preference to plead guilty and return to Sierra Leone. Commitment to DMH's custody would not have been the "fastest way" for Deen to return to Sierra Leone.[3]
Great deference is applied to plea counsel's decision not to pursue a defense based on Deen's mental capacity. Given Deen's stated desire to plead guilty and return to Sierra Leone as quickly as possible, and the specter of commitment to DMH's custody, it was reasonable for plea *141 counsel to decide that a mental health investigation was unnecessary in these circumstances, and instead seek a guilty plea and deportation. The trial court did not commit clear error in finding that Deen failed to show that plea counsel's performance fell below an objective standard of reasonableness.
Points I and II are denied.
Conclusion
The motion court's judgment is affirmed.
All concur

All statutory references are to RSMo 2016 as supplemented unless otherwise indicated.

Deen does not appeal the motion court's findings and conclusions on his third claim for post-conviction relief, that counsel at his probation hearing was ineffective for failing to investigate his mental capacity. Thus, we will not address the effectiveness of Deen's counsel at his probation hearing.

We note that Deen is now in DMH's custody after pleading not guilty by reason of mental disease or defect to another offense. However, this does not detract from the reasonableness of plea counsel's decision in this case to pursue a different strategy in light of Deen's desire, at least at the time, to plead guilty and return to Sierra Leone.