

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| ROBERT FRANTZ, | ) | |
| | ) | |
| Appellant, | ) | WD76773 |
| v. | ) | |
| | ) | **FILED: September 16, 2014** |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | | |

### APPEAL FROM THE CIRCUIT COURT OF LAFAYETTE COUNTY
#### THE HONORABLE DENNIS A. ROLF, JUDGE

### BEFORE DIVISION ONE: MARK D. PFEIFFER, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND KAREN KING MITCHELL, JUDGES

Robert Frantz appeals from the judgment denying his Rule 24.035 motion without an evidentiary hearing after he pled guilty to money laundering. Frantz contends the motion court clearly erred in denying his post-conviction motion because there was an insufficient factual basis for his plea and defense counsel was ineffective for failing to advise him that the State's evidence would not establish the elements of money laundering. Because there was not a sufficient factual basis for Frantz's guilty plea, we reverse the motion court's judgment and remand the case to the motion court to set aside Frantz's guilty plea and vacate his money laundering conviction and sentence.

FACTUAL AND PROCEDURAL HISTORY

In March 2009, police pulled Frantz over in his car and found "a very small amount" of marijuana and "two large bundles of money held together by green rubber bands" in the vehicle. Frantz admitted to the police that the money was from a sale of drugs that took place in Iowa. He was arrested and charged with the class B felony of money laundering, in violation of Section 574.105.2(2), RSMo Cum. Supp. 2013.[1] Specifically, the information charged that Frantz committed the crime of money laundering by "conducting a currency transaction with unknown persons with the purpose to conceal and disguise the nature, location, source, ownership and control of the proceeds of felony criminal activity, namely distribution of controlled substances."

Frantz entered a plea of guilty to the charged offense. At the plea hearing, the court read the charge to Frantz, and he agreed that he was guilty of the charge. The court then asked how much money was involved. The prosecutor told the court $3830. There was no discussion of the factual circumstances leading to Frantz's arrest or the charge. Pursuant to the plea agreement, the State recommended, and the court approved, a suspended imposition of sentence and a five-year term of probation. In October 2012, Frantz's probation was revoked, and the court sentenced him to eight years in prison.

Frantz subsequently filed a *pro se* Rule 24.035 motion for post-conviction relief, which was later amended by appointed counsel. He alleged in his amended motion that there was an insufficient factual basis for his plea because, while there was evidence that he was pulled over and found with money that he admitted was from a drug sale,

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

there were no facts establishing that he conducted a currency transaction with those proceeds with the purpose to conceal and disguise the nature, location, source, ownership, and control of the proceeds. Frantz also alleged that his counsel was ineffective for failing to investigate and inform him that the facts would not support a money laundering conviction. The motion court denied the motion without an evidentiary hearing. Frantz appeals.

## STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 24.035(k). The motion court's findings of fact and conclusions of law are presumed correct. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010). "Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made." *Morrow v. State,* 21 S.W.3d 819, 822 (Mo. banc 2000).

## ANALYSIS

In Point I, Frantz contends the motion court clearly erred in denying his Rule 24.035 motion because there was not a sufficient factual basis for his guilty plea and, therefore, the plea court's acceptance of his plea violated his right to due process. Pursuant to Section 574.105.2(2), a person commits the crime of money laundering when he "[c]onducts or attempts to conduct a currency transaction with the purpose to conceal or disguise in whole or in part the nature, location, source, ownership or control of the proceeds of criminal activity."[2] Here, the State charged that Frantz conducted a

---

[2] Subsections (1), (3), and (4) of Section 574.105.2 describe alternative ways in which the crime of money laundering is committed. Because the State charged Frantz with committing money laundering under the method described in subsection (2), the factual basis must be sufficient to support the commission of the crime under that method. See *State v. Kelso*, 391 S.W.3d 515, 519 (Mo. App. 2013) ("When a criminal statute provides for various methods of commission of an element, the State is required to select a method and is then held to proof of the method charged as to that element.").

currency transaction with unknown persons with the purpose to conceal or disguise in whole or in part the nature, location, source, ownership, or control of the proceeds of felony criminal activity, namely, the distribution of controlled substances. The term "conducts" in the statute means "initiating, concluding or participating in initiating or concluding a transaction." § 574.105.1(1). A "currency transaction" is "a transaction involving the physical transfer of currency from one person to another." § 574.105.1(4). "Criminal activity" is "any act or activity constituting an offense punishable as a felony pursuant to the laws of Missouri or the United States." § 574.105.1(2).

Based upon this language, the crime of money laundering under Section 574.105.2(2) requires proof of two transactions: (1) the underlying criminal activity that produces proceeds; and (2) a subsequent transaction involving the physical transfer of the proceeds from one person to another with the purpose to conceal the criminal nature, location, source, ownership, or control of those proceeds. Although no cases have interpreted Section 574.105.2(2), we note that cases interpreting an essentially identical provision in the federal money laundering statutes have found that proof of two transactions is required. In *United States v. Awada*, 425 F.3d 522, 524 (8th Cir. 2005), the court explained that the transaction "that created the criminally-derived proceeds must be distinct from the money-laundering transaction, because the money laundering statutes criminalize transactions in proceeds, not the transactions that create the proceeds." (Internal quotation marks and citations omitted.) Similarly, the court in *United States v. Butler*, 211 F.3d 826, 830 (4th Cir. 2000), stated, "Put plainly, the laundering of funds cannot occur in the same transaction through which those funds first become tainted by crime."

4

Frantz asserts that the evidence against him -- the bundles of cash totaling $3830 found in his car and his admission that the cash was from a drug sale in Iowa -- established only the first transaction, that is, the underlying criminal activity that produced the proceeds. He argues that this evidence did not establish the actual laundering step -- that he conducted a subsequent transaction with the proceeds from the drug sale with the purpose to conceal the criminal nature, location, source, ownership, or control of those proceeds.

In response, the State contends that Frantz's driving from Iowa to Missouri with cash from a drug sale "readily qualifies as attempted money laundering." The State argues that, by transporting the cash out of Iowa and into Missouri, Frantz "was attempting, in part, to conceal the source, nature, and location of the drug deal by means of physical transfer of the illicit currency." We disagree.

Frantz's mere transportation of the proceeds did not, by itself, evidence a purpose to conceal the criminal nature of those proceeds so as to convert the transportation into a subsequent transaction. See *Cuellar v. United States*, 553 U.S. 550, 565-66 (2008) ("[T]ransporting money in a conventional manner may suggest no particular purpose other than simply to move it from one place to another."). In *Cuellar*, the United States Supreme Court stated that an essentially identical provision in the federal money laundering statute could not be satisfied by mere transportation of criminally produced funds "even if substantial efforts [were] expended to conceal the money." *Id.* at 563. "'There is a difference between concealing something to transport it, and transporting something to conceal it;' that is, *how* one moves the money is distinct from *why* one moves the money. Evidence of the former, standing alone, is not

sufficient to prove the latter." *Id.* at 566 (quoting *U.S. v. Cuellar*, 478 F.3d 282, 296-97 (5th Cir. 2007) (Smith, J., dissenting)). Here, there was no evidence in the record to indicate even that the bundles of money found in Frantz's vehicle were concealed in any way. The facts of this case established only that Frantz had obtained proceeds from a criminal activity and was transporting those proceeds from Iowa to Missouri when the police stopped him. The facts did not establish that Frantz physically transferred the proceeds from the drug sale to another person with the purpose to conceal the criminal nature, location, source, ownership, or control of those proceeds

Nevertheless, the motion court found that the record conclusively refuted Frantz's contention in his Rule 24.035 motion that there was an insufficient factual basis for his guilty plea. In its judgment, the motion court noted that, when questioned whether he understood the charge that had been filed against him and whether his attorney had explained the charge to him, Frantz answered in the affirmative. The court also noted that it read the charge to Frantz and that Frantz agreed he was guilty of the charge. The motion court found that Frantz "admitted to each and every element of the offense" and "never refuted the facts as stated during the plea." Thus, the court concluded that the "factual basis admitted to by [Frantz] is sufficient to support a money laundering conviction."

We recognize that cases such as *Browder v. State*, 326 S.W.3d 33 (Mo. App. 2010), appear to support the motion court's conclusion. In *Browder*, this court stated that "[w]here the information clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established.'" *Id.* at 35 (quoting *Johnson v. State*, 115 S.W.3d

6

422, 424 (Mo. App. 2003)).  We question, however, whether this approach truly establishes a factual basis sufficient to render the plea voluntarily and knowingly made under existing United States Supreme Court precedent on this issue.

"[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."  *McCarthy v. U.S.*, 394 U.S. 459, 466 (1969) (footnote omitted), *superseded on other grounds by rule amendment as recognized by U.S. v. Jaramillo-Suarez*, 857 F.2d 1368, 1371 (9th Cir. 1988).  Existing Missouri case law suggests that the inquiry into whether a sufficient factual basis exists for a guilty plea is satisfied upon a defendant's assertion that plea counsel explained the nature of the charge to him and that he understood the charge.  The problem with this approach, however, is that plea counsel might misunderstand the elements or the law and convey this misunderstanding to the defendant.  Accordingly, a defendant can honestly tell the court that plea counsel explained the charge to him and went over the evidence with him, and the defendant can honestly tell the court that he is pleading guilty because he believes himself guilty of the charged offense.  However, he may not, in fact, be guilty under a correct interpretation of the law.

The purpose of the factual basis inquiry is "to 'protect a defendant who is in the position of pleadingly voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'"  *Id.* at 467 (footnote and citation omitted).  The record in this case establishes that Frantz pled guilty voluntarily and understood the nature of the charge, but it does not establish that Frantz knew whether his conduct actually fell within the charge.

7

A similar situation arose in *McCarthy*. In that case, the defendant was charged with "'willfully and knowingly' attempting to evade tax payments. *Id.* at 460. The defendant pled guilty, and at the plea hearing, "[t]he District Judge asked [the defendant] if he desired to plead guilty and if he understood that such a plea waived his right to a jury trial and subjected him to imprisonment for as long as five years and to a fine as high as $10,000." *Id.* at 461. The defendant "stated that he understood these consequences and wanted to plead guilty." *Id.* The defendant further informed the court that no threats or promises had been made to induce his plea. *Id.*

At the beginning of the sentencing hearing, however, the defendant "asserted that his failure to pay taxes was 'not deliberate' and that they would have been paid if he had not been in poor health." *Id.* Nevertheless, "the court imposed a sentence of one year and a fine of $2,500." *Id.* at 462. Plea counsel moved to suspend the sentence, emphasizing that the defendant, "who was then 65 years of age, was in poor health and contended that his failure to pay his taxes had resulted from his 'neglectful' and 'inadvertent' method of bookkeeping during a period when he had been suffering from a very serious drinking problem." *Id.* Plea counsel claimed that "'there was never any disposition to deprive the United States of its due.'" *Id.* "The judge, however, after indicating he had examined the presentence report, stated his opinion that 'the manner in which [the defendant's] books were kept was not inadvertent.' He declined, therefore, to suspend [the defendant's] sentence." *Id.*

The defendant in *McCarthy* later sought to have his plea and conviction set aside due to the plea court's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure, which is very much like Missouri's Rule 24.02. See *id.* Rule 11 required the

8

plea court to determine that: (1) the defendant understood the nature of the charges and consequences of the plea; and (2) a factual basis existed for the plea. *Id.*

The United States Supreme Court examined the procedure required under Rule 11 and ultimately determined that the plea court in that case failed to comply with that procedure. *Id.* at 464-67. The Court first noted the dual purposes of Rule 11:

> First, although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas.

*Id.* at 465 (footnotes omitted). The Court then noted that "[t]hese two purposes have their genesis in the nature of a guilty plea." *Id.* at 466. Because "[a] defendant who enters such a plea simultaneously waives several constitutional rights, . . . [f]or this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.'" *Id.* (footnote and citation omitted). Thus, "if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Id.* (footnote omitted). More importantly, "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary *unless the defendant possesses an understanding of the law in relation to the facts*." *Id.* (emphasis added) (footnote omitted).

Therefore, the Court in *McCarthy* found that, "in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the

9

consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea."  *Id.* at 467.  The judge is to do this by determining "'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty'" in order "to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'"  *Id.* (footnotes and citations omitted).  If the specific facts regarding the conduct -- as opposed to the general facts identified by the elements in the statute -- are not placed upon the record, both of the purposes of the Rule 11 inquiry "are undermined."  *Id.*  The judge, in conducting the inquiry, should not resort to assumptions "not based upon recorded responses to his inquiries."  *Id.*

By relying solely on a defendant's response that his counsel advised him regarding the nature of the charge, the plea court is *assuming* that counsel's advice was legally correct.  And, while that is generally a safe assumption, the facts alleged by Frantz demonstrate that it is an assumption that is not always accurate.[3]

The better practice would be for the plea court, when conducting a guilty plea hearing, to ascertain facts *on the record* regarding the defendant's specific conduct that the State believes supports the elements of the charged crime.  Simply reciting the charging document, which, in all likelihood, merely quotes the statutory elements, is not sufficient to establish a factual basis for the defendant's guilty plea.  In addition to the

---

[3] An argument could be made that this situation could be remedied by an ineffective assistance of plea counsel claim, which Frantz asserts in Point II.  To succeed on such a claim, however, the defendant would have to demonstrate that he did not, in fact, understand the charges -- an assertion that will most often be deemed refuted by the record at his plea hearing when he claimed (albeit based upon plea counsel's erroneous advice) to understand the charges.  Moreover, to establish prejudice from plea counsel's erroneous advice, the defendant would have to establish that he was not, in fact, guilty as charged, which would require the court to examine whether a factual basis was made at the plea hearing.

10

charge and statutory elements, the record must reflect the defendant's actual, *factually-specific* conduct leading to the charge.  In other words, after advising the defendant of the charge, the court should inquire of either the prosecutor or the defendant or both what the defendant actually did to warrant the charge.  The court should then satisfy itself that the conduct described meets the elements required for the charged crime before declaring that a factual basis has been made.

Had this practice been followed in this case, the court would have discovered that the factual basis was insufficient to support Frantz's guilty plea to the crime of money laundering.  The charge, as read to Frantz, recited only the statutory definition of money laundering and did not state any factually-specific conduct leading to the charge.  Indeed, no actual facts -- other than the amount of money found in Frantz's vehicle -- were recited during the plea hearing.  While the evidence established that Frantz engaged in criminal activity that produced proceeds, that evidence did not establish that he conducted a currency transaction, *i.e.*, a transaction involving the physical transfer of currency from one person to another, with the purpose to conceal the criminal nature, location, source, ownership, or control of those proceeds.  Because Frantz's conduct did not fall within the charge of money laundering, the motion court clearly erred in finding that there was a factual basis for his guilty plea.

Where there is no factual basis for a guilty plea, a due process violation results because "the plea cannot be said to have been knowingly and voluntarily entered."  *State ex rel. Verweire v. Moore*, 211 S.W.3d 89, 92 (Mo. banc 2006) (citing *McCarthy*,

11

394 U.S. at 466). Consequently, Frantz's guilty plea to money laundering cannot stand. Point I is granted.[4]

**CONCLUSION**

The motion court's judgment denying Frantz's Rule 24.035 motion is reversed, and the case is remanded with instructions that the motion court set aside Frantz's guilty plea and vacate his money laundering conviction and sentence.

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[4] Our disposition of Point I renders it unnecessary to address Frantz's ineffective assistance of counsel claim in Point II.