

# In the
# Missouri Court of Appeals
# Western District

TIMOTHY CAFFERTY,

               Appellant,

v.

STATE OF MISSOURI,

               Respondent.

WD76817

OPINION FILED:

November 4, 2014

**Appeal from the Circuit Court of DeKalb County, Missouri**
**The Honorable Thomas Nichols Chapman, Judge**

Before Division Four: Alok Ahuja, C.J., Joseph M. Ellis, and James Edward Welsh, JJ.

Timothy Cafferty appeals the circuit court's judgment denying his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. In his sole point on appeal, Cafferty contends that the circuit court clearly erred in denying his Rule 24.035 motion, in violation of Rule 24.02(e) and his right to due process as guaranteed by the United States Constitution and article I, section 10 of the Missouri Constitution, because his guilty plea was not knowingly, intelligently, or voluntarily made. In particular, Cafferty asserts that the record does not establish a sufficient factual basis to support his plea of guilty to one count of criminal nonsupport. We reverse the circuit court's judgment denying Cafferty's post-conviction motion, and we vacate

Cafferty's conviction and sentence and remand for further proceedings on the criminal nonsupport charge.

The State charged Cafferty by information with knowingly failing to provide, without good cause, adequate food, clothing, lodging, and adequate medical attention for his minor child, for whom Cafferty was legally obligated to support, in that Cafferty failed to pay any child support in each of the six individual months within the twelve month time period from July 1, 2007, to June 30, 2008, in violation of §568.040, RSMo 2000.[1]

Prior to pleading guilty, Cafferty completed a Petition to Enter a Plea of Guilty. In the written petition, Cafferty acknowledged that he had read the information and that he "fully under[stood] every charge made against [him]." In his petition, Cafferty stated he committed "the following acts in connection with the charge" against him: "I didn't pay my child support."

At the guilty plea hearing, the court informed Cafferty that the State had charged him with the class D felony of nonsupport, in that he "knowingly failed to provide child support payments to go toward providing adequate food and clothing" for his child and "failed to pay child support for six of the months in a twelve month period of July 1, 2007 until June 30th, 2008." Cafferty said that he understood the charge and that he desired to plead guilty. The court then asked Cafferty if he was acknowledging that "for six individual months, between July 1, 2008[2] to June 30th 2008, that you failed to provide any child support," and Cafferty said, "Yes." The court then asked Cafferty, "Why was that . . . ?" Cafferty responded, "Because I couldn't

[1] A defendant is to be tried for the offense as defined by the law that existed at the time the offense was committed. *State v. Edwards*, 983 S.W.2d 520, 521 (Mo. banc 1999). The General Assembly amended section 568.040 in 2009 and in 2011, as discussed in footnote 4.

[2] The parties do not contest that the time period was from July 1, 2007 (and not 2008 as the court stated) until June 30, 2008.

find work.  Ever since I got out of prison it has been hard to find work, but I have a job lined up for when I get out of here so I can start paying."

To establish the factual basis, the court then asked the State to recite the evidence it would present if Cafferty's case were to proceed to trial.  The State responded:

> Judge, if this case went to trial the State's evidence would be that that applicable order of dissolution on March 16th, 2004 in the Circuit Court of Cole County, Missouri.  Pursuant to that, the defendant was ordered to pay $218.00 each month in support of Chance Ryder Cafferty.  From the charging period of July 1st, 2007 to June 30th, 2008 the defendant failed to provide at least six months of that support.  Judge, that would be the State's evidence if this case were to go to trial.

The plea court asked Cafferty if he disagreed with the State's recitation of the factual basis, and Cafferty responded:

> Well the only thing I disagree on when she got custody of him I didn't know I was supposed to because she lived in Jefferson County and I when I tried to get a hold of her, she had moved.  I did not know that I was supposed to pay child support until it was up to like five thousand dollars and I was contacted--

At this point, Cafferty's attorney asked if she could have a moment with her client, and then the attorney explained to the court that her client recognized that he did not have an address that allowed him to get "letters of communication" related to the child support payments.  Further, the attorney stated that Cafferty recognized that he had "the responsibility of his son when he was not still living in the household" and that he had the responsibility to "check into that."

The court accepted Cafferty's guilty plea, suspended imposition of sentence and placed him on probation for five years.  As a condition of probation, the court ordered Cafferty to pay $218 a month in child support and $115 a month toward the child support arrearage and ordered that the arrearage be paid by the end of his probationary period.  Ultimately, Cafferty's probation was revoked, and he was sentenced to four years imprisonment.

3

Cafferty timely filed his pro se Rule 24.035 motion, and counsel timely filed an amended Rule 24.035 motion. In his amended motion, Cafferty alleged that his right to due process, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Missouri Constitution, was violated in that his guilty plea was not knowing and voluntary. Cafferty claimed that no factual basis established that he failed to pay child support "without good cause." The circuit court conducted an evidentiary hearing, which Cafferty did not attend. At the hearing, Cafferty's attorney contended that whether or not a sufficient factual basis existed for the plea was a question of law for the court to decide on the basis of the guilty plea record. The State agreed that based upon the transcript of the guilty plea hearing and "the case law" enough information existed for the circuit court to determine whether or not a sufficient factual basis existed for the plea. On August 7, 2013, the circuit court denied Cafferty's amended Rule 24.035 motion. Cafferty appeals.

Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether its findings and conclusions are clearly erroneous.[3] Rule 24.035(k). Findings and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake was made. *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006).

In his sole point on appeal, Cafferty contends that the circuit court clearly erred in denying his Rule 24.035 motion, in violation of Rule 24.02(e) and his right to due process as guaranteed by the United States Constitution and article I, section 10 of the Missouri Constitution, because his guilty plea was not knowingly, intelligently, or voluntarily made. Cafferty asserts that the record does not establish a sufficient factual basis to support his plea of

---

[3]Where as here, when we have determined that the circuit court erred on a purely legal issue, we question the applicability of the "clearly erroneous" standard and question whether we could have any impression other than a definite and firm impression that a mistake has been made.

4

guilty to one count of criminal nonsupport. In particular, Cafferty claims that the factual basis did not establish that he failed to pay child support without good cause.

Rule 24.02 sets forth the procedure a plea court must follow for pleas in felony and misdemeanor cases. Pursuant to Rule 24.02(b)(1), "before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands . . . [t]he nature of the charge to which the plea is offered[.]" Further, Rule 24.02(e) provides, "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The stated purposes of Rule 24.02 are to make sure that "'a defendant understand[s] the specific charges against him, that he understand[s] the maximum penalty confronting him, and that he recognize[s] that he has waived specific legal rights by pleading guilty.'" *Calvin v. State*, 204 S.W.3d 220, 225-26 (Mo. App. 2006) (citation omitted). "'A plea forms the factual basis for a guilty plea where it is voluntarily and understandingly made, *as well as unequivocal as to the factual requisites necessary to establish every element of the offense*.'" *Id*. at 226 (emphasis in the original and citation omitted). "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. U.S.*, 394 U.S. 459, 466 (1969) (footnote omitted), *superseded on other grounds by rule amendment as recognized by U.S. v. Jaramillo-Suarez*, 857 F.2d 1368, 1371 (9th Cir. 1988).

The version of section 568.040 that was in effect at the time Cafferty committed the offense of criminal nonsupport provided:

> 1. [A] parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is

legally obligated to provide for his child or stepchild who is not otherwise emancipated by operation of law.

2. For purposes of this section:

. . . .

(2) **"Good cause"** means any substantial reason why the defendant is unable to provide adequate support. Good cause does not exist if the defendant purposely maintains his inability to support;

(3) **"Support"** means food, clothing, lodging, and medical or surgical attention;

. . . .

3. The defendant shall have the burden of injecting the issues raised by subdivision (2) . . . of subsection 2.

4. Criminal nonsupport is a class A misdemeanor, unless the person obligated to pay child support commits the crime of nonsupport in each of six individual months within any twelve-month period, or the total arrearage is in excess of five thousand dollars, in either of which case it is a class D felony. [4]

"An element of a criminal non-support charge is that the parent is without good cause in failing to provide support. § 568.040.1." *Calvin*, 204 S.W.3d at 227. Although the circuit court does not have to explain every element of a crime to the defendant, the defendant still must understand the nature of the charges against him. *Id*. "A factual basis is established if the defendant understands the facts recited by the judge or the prosecutor at the guilty plea proceeding. A defendant, however, should express an awareness of the nature and elements of

---

[4]The 2009 amendment to section 568.040 kept "without good cause" as an element of the offense but added that the "[i]nability to provide support for good cause" was an affirmative defense and that the person raising the affirmative defense had "the burden of proving the defense by a preponderance of the evidence." § 568.040.3. The 2009 amendment also kept the provision that the defendant had the burden of injecting good cause. § 568.040.4. The 2011 amendment to section 568.040 deleted the language "without good cause" from the elements of the offense and deleted the provision that the defendant had the burden of injecting good cause. The 2011 amendment, however, kept the provision that the "[i]nability to provide support for good cause" was an affirmative defense and that the person raising the affirmative defense had "the burden of proving the defense by a preponderance of the evidence." §568.040.3

the charge to which he or she pleads guilty." *Id*. at 225 (citation and internal quotation marks omitted).[5]

In this case, in reciting the charge to Cafferty, the circuit court did not mention on the record that an element of criminal nonsupport was that the parent failed to provide support without good cause. Indeed, at the guilty plea hearing, the court informed Cafferty:

> Mr. Cafferty, the Assistant Prosecuting Attorney has charged you with the class D felony of non-support in that you knowingly failed to provide child support payments to go toward providing adequate food and clothing for your child, and during said time, the defendant failed to pay child support for six of the months in a twelve month period of July 1, 2007 until June 30th, 2008.

The court then asked Cafferty if he understood the charge, and Cafferty said that he did and that he wanted to plead guilty. Although Cafferty unequivocally agreed that he was pleading guilty to the charge as recited by the court, nothing in the plea hearing indicates that Cafferty understood that failing to provide support "without good cause" was an element of the offense of criminal nonsupport. No one advised Cafferty during the plea hearing that if he was unable to provide

---

[5]This court recently addressed the issue whether a sufficient factual basis for a plea is established where an information charges a defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt. *Frantz v. State*, WD76733 (Mo. App. W.D. Sept. 16, 2014). In *Frantz*, the record established that the defendant pled guilty voluntarily and understood the nature of the charge, but the record did not establish whether or not the defendant knew that his conduct actually fell within the charge. *Id*. slip op at 7. The *Frantz* court found that the defendant's conduct did not fall within the charge and concluded that the motion court clearly erred in finding that there was a factual basis for the defendant's guilty plea. *Id*. slip op. at 11. In so ruling, the court instructed that, rather than relying on a defendant's response that his counsel advised him regarding the nature of the charge, the circuit court, when conducting a guilty plea hearing, should "ascertain facts *on the record* regarding the defendant's specific conduct that the State believes supports the elements of the charged crime." *Id*. slip op. at 10 (emphasis in the original). The *Frantz* court explained:

> Simply reciting the charging document, which, in all likelihood, merely quotes the statutory elements is not sufficient to establish a factual basis for the defendant's guilty plea. In addition to the charge and statutory elements, the record must reflect the defendant's actual, *factually-specific* conduct leading to the charge. In other words, after advising the defendant of the charge, the court should inquire of either the prosecutor or the defendant or both what the defendant actually did to warrant the charge. The court should then satisfy itself that the conduct described meets the elements required for the charged crime before declaring that a factual basis has been made.

*Id*. slip. op. at 10-11 (emphasis in the original).

support for any substantial reason that he could not be held criminally liable for the offense. Thus, it cannot be said that he understood the nature and elements of the charge against him.

Indeed, when the court asked Cafferty why he failed to pay child support, Cafferty responded, "Because I couldn't find work. Ever since I got out of prison it has been hard to find work, but I have a job lined up for when I get out of here so I can start paying."[6] Given Cafferty's explanation as to why he failed to pay support for his child, Cafferty did not unequivocally state that he lacked good cause to provide adequate support for this child. In light of his response, "the circuit court was obligated, before accepting the guilty plea, to explore the issue further to determine either that [Cafferty] had the ability to pay support or purposely maintained his inability to provide support during the specific months charged." *Calvin*, 204 S.W.3d at 228.

We recognize that Cafferty signed a Petition to Enter Plea of Guilty and stated that he read the information and that he fully understood the charge made against him. "[A] plea petition," however, "cannot act as a substitute for the trial court insuring, on its own right, that a defendant understands the implications of his guilty plea." *State v. Thomas*, 96 S.W.3d 834, 844 (Mo. App. 2002). As this court recognized in *Thomas*:

> "The Supreme Court obviously did not want to entrust to anyone other than the court the extremely important determination that a defendant's plea was voluntarily and knowingly made. The best way to ascertain that a defendant was

---

[6]Section 568.040.3, RSMo 2000, provided that the defendant had the burden of injecting good cause. The Missouri Supreme Court has stated that a defendant does not have to produce substantial evidence of good cause to inject the issue and does not have to prove good cause with substantial evidence. *State v. Latall*, 271 S.W.3d 561, 564 (Mo. banc 2008). As the *Latall* court explained, "Defendant's burden is merely to produce evidence of good cause. Once that is done, the state must prove that the defendant did not have good cause and must do so beyond a reasonable doubt." *Id*. "The question of the defendant's burden is not a question of sufficiency but is . . . an issue of whether the defendant's contention is 'supported by evidence.'" *Id*. at 565-66. Indeed, section 556.051, RSMo 2000, instructs, "When the phrase "The defendant shall have the burden of injecting the issue" is used in the code, it means (1) The issue referred to is not submitted to the trier of fact unless supported by evidence; and (2) If the issue is submitted to the trier of fact any reasonable doubt on the issue requires a finding for the defendant on that issue." *Id*.

8

acting voluntarily with sufficient knowledge and awareness was for the court, personally in open court while the defendant stood before it, to inform the defendant of his or her rights and then to determine whether the defendant waived those rights and understood the nature of the proceeding. Although a writing can inform an individual of his or her rights, the court cannot determine that the individual truly understands those rights unless it follows Rule 24.02's mandate that it inform the individual of those rights personally in open court."

*Id*. at 844-45 (quoting *Dean v. State*, 901 S.W.2d 323, 327 (Mo. App. 1995)). Thus, even though Cafferty admitted in the plea petition that he read the information and understood the charge against him, the court still had an obligation to make sure that Cafferty understood the nature of the charge against him.

Because the record does not establish that Cafferty understood the specific nature and elements of the charge against him, his plea was not knowing and voluntary. We are under a definite and firm impression that a mistake has been made and conclude that the circuit court erred in denying Cafferty's request for post-conviction relief. We, therefore, reverse the circuit court's denial of Cafferty's Rule 24.035 motion, vacate his conviction and sentence, and remand for further proceedings on the criminal nonsupport charge.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.

9