

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| CHARLES W. BURNETT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | WD76486 |
| | ) | |
| STATE OF MISSOURI, | ) | Opinion filed:  December 2, 2014 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI**
**THE HONORABLE JASON A. KANOY, JUDGE**

Before Division Two:  Victor C. Howard, Presiding Judge,
James E. Welsh, Judge and Anthony Rex Gabbert, Judge

Charles Burnett appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing.  Burnett argues that the record does not contain a factual basis for his guilty plea to receiving stolen property.  He claims that he was denied effective assistance of counsel when plea counsel did not seek to withdraw his guilty plea when probation under the plea agreement became impossible and imprisonment unavoidable.  Burnett also complains the trial court's findings of fact and conclusions of law were not sufficiently specific regarding his claims that his plea counsel had a conflict of interest and that the plea court had categorically refused to consider the full range of punishment.  As to Burnett's claim that the trial court's findings of fact and conclusions of law were not sufficiently specific regarding his claim that the

plea court categorically refused to consider the full range of punishment, the motion court's judgment is reversed, and the cause is remanded for entry of findings of fact and conclusions of law that comply with Rule 24.035(j). In all other respects, the judgment is affirmed.

**Background**

In August of 2008, Burnett was charged with receiving stolen property in violation of section 570.080, RSMo. The information alleged that Burnett, "with the purpose to deprive the owner of a 4-wheeler, a John Deere toolbox, a double strand of pearls and many other items, retained such property, of a value of at least five hundred dollars, knowing that they had been stolen."

Burnett executed a written petition to enter a guilty plea, in which he stated that "[i]n Dec[ember] 2007 Shawn Burnett brough[t] over a four[-]w[heel]er to my dad[']s house where I fixed it for him[.]" The petition consisted of seven pages, which also stated, among other things, that Burnett understood that he was charged with receiving stolen property, told his lawyer all the facts and circumstances about the charges made against him, that his lawyer counseled and advised him on the nature of the charge and all possible defenses, and that the court was not bound by any plea-bargain and could impose any punishment within the lawful range of punishment, and that he was informed of the range of punishment the law provided for. The petition contained a provision specifically expressing that Burnett knew that by pleading guilty, his probation or parole could be revoked and he could be required to serve time in cases for which he was on probation or parole, which could be consecutive to the sentence in the guilty plea case. The document stated that Burnett had been advised that the court was not bound by the prosecutor's promised recommended sentence. Burnett signed each of the seven pages of the

2

petition including the final page, which stated that he had read and his attorney had explained to him the petition.

A guilty plea hearing was held during which the court asked Burnett if he had reviewed the petition, signed each page indicating that he read and understood the contents of each page, and understood the document in its entirety. Burnett responded affirmatively. Burnett also testified that he understood the charges against him, that he was in possession of a four-wheeler that had been stolen, and that he thought the four-wheeler was worth approximately $2,500. When the court asked how he came to possess the four-wheeler and whether he knew it was stolen, Burnett said his cousin brought it to his house and he did not know it was stolen at the time but rather came into that information later.

The court asked the State what its evidence would be if the case were to go to trial. The State said it would present evidence that Burnett was in possession of the four-wheeler that was worth approximately $2,500, as well as "a John Deere toolbox with an estimated value of $1,400, a double strand [of] pearls with an estimated value of $800 in addition to eight other pages of items . . . that were stolen goods." When the court asked Burnett if he disputed any of what the prosecutor had just said, he replied that a lot of the things on the list were not stolen. However, when the court asked if he did agree that the four-wheeler was stolen and that it was worth over $500, Burnett said, "Yes."

The court also reiterated to Burnett that if it accepted his plea, it was not required to follow the State's recommendation, and that it could sentence him to the maximum of seven years imprisonment, and then asked if Burnett understood, and he said, "Yes." Finally, the court asked if Burnett was pleading guilty because he was, in fact, guilty and for no other reason, and he again replied, "Yes, sir."

3

The court then found Burnett's plea was freely and voluntarily made with a full understanding of the charges and consequences of the plea, and that there was a factual basis for the plea. The court therefore accepted Burnett's guilty plea and found him guilty of receiving stolen property. The court deferred sentencing to get a sentencing assessment report from the Missouri State Board of Probation and Parole.

In May of 2009 the sentencing hearing was held, and the court concluded that it would sentence Burnett to four years in the Missouri Department of Corrections, to run consecutive to eleven years to which he had been sentenced in other cases in other counties. Burnett had been on probation for those cases, but upon entry of his guilty plea in this case, probation was revoked and he was sentenced in those cases. The court reasoned at sentencing:

> The court could sentence you to seven years in the Missouri Department of Corrections. I could have sentenced you up to the maximum, which would run consecutive to the 11, which you're already looking at. I am going to sentence you to consecutive time. I don't believe in concurrent time and I'm not going to do that. But I'm not going to sentence you to seven either. What I'll do is four years in the Missouri Department of Corrections. I'll run that consecutive to your DeKalb County case and your Harrison County case.

After the sentence was pronounced, Burnett was asked if he was satisfied with his representation by counsel, to which he replied that he was. Burnett answered that there was not anything counsel had done that Burnett had asked him not to do, nor was there anything that Burnett had asked him to do that counsel had failed to do. Burnett told the court he was satisfied with counsel's representation.

Burnett filed an amended Rule 24.035 motion to vacate, set aside, or correct judgment and sentence. The motion alleged that his guilty plea was not knowing and voluntary because no factual basis was established for the elements of receiving stolen property of "for the purpose of depriving the owner of a lawful interest therein" and "knowing that it has been stolen, or

4

believing that it has been stolen." The motion also alleged that Burnett received ineffective assistance of counsel when plea counsel failed to file a Rule 29.07 motion to withdraw his guilty plea after probation was revoked in Burnett's other cases in Harrison and DeKalb Counties and sentences were imposed in those cases. The motion further alleged that plea counsel had a conflict of interest because he was the prosecuting attorney in Harrison County when Burnett pled guilty in the Harrison County case, and finally, that the court was unwilling to consider the full range of permissible punishment in sentencing Burnett.

An evidentiary hearing was held on Burnett's motion, during which the court heard testimony from plea counsel and Burnett. Plea counsel testified that before Burnett's sentencing hearing, he would have discussed the possibility of a motion to withdraw the guilty plea, but that it was not done, and not filing such a motion would have been based on direction from Burnett. He testified that by the time Burnett was sentenced in this case, it would have been impossible for him to remain out of prison because he was already sentenced in the other cases. Plea counsel said it was his practice if a client told him to file a motion to withdraw a guilty plea that he would file such a motion.

Plea counsel also testified that he was an assistant Harrison County prosecutor from 1999 to 2002 and was the elected Harrison County prosecutor from 2002 through 2006.

Burnett testified that he first learned the four-wheeler was stolen after he was arrested in this case. He further testified that he had asked plea counsel to file paperwork to ask the judge to withdraw his guilty plea once he knew at sentencing there was no way he could avoid prison time, and plea counsel did not take any action to withdraw his guilty plea. Burnett also testified that he was initially charged in the Harrison County case in 2006, and that the date of that offense was sometime in the beginning of 2006, although he would agree if the record showed

5

that the complaint and warrant in the Harrison County case were filed January 31, 2007. Burnett also admitted he had an opportunity to review his petition to enter a guilty plea, that he signed each page of it, and that he read and signed the portion of the petition stating "I offer my plea of guilty freely and voluntarily and of my own accord and with full understanding of all the matters set forth . . . ."

In April of 2013, the motion court denied Burnett's motion. The motion court concluded that the record showed a sufficient factual basis. The court found that plea counsel had discussed with Burnett the possibility of filing a motion to withdraw his guilty plea but that Burnett never told counsel to file one so none was filed. The court found that based upon Burnett's demeanor, testimony, and cross-examination, it was "left with the distinct impression that [Burnett's] claims [were] not credible." It was "highly skeptical of [Burnett's] testimony of his representation by [plea counsel]" and found that Burnett's testimony "was self-serving and not grounded in truth." The motion court also made a general finding that "[a]ny allegations raised in the motion without supporting evidence at hearing are hereby overruled as the Court finds the Defendant has failed to meet his burden of proof on same." Burnett appeals.

**Standard of Review**

Appellate review of the denial of a post-conviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Roberts*, 276 S.W.3d at 835. The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred. *Id.*

6

Burnett argues in his first point on appeal that the record does not contain a factual basis for his guilty plea to receiving stolen property. Rule 24.02(e) requires the court to determine that there is a factual basis for a defendant's guilty plea in order to enter a judgment on the plea. Where the information or indictment clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt, a factual basis is established. *Mitchell v. State*, 337 S.W.3d 68, 70 (Mo. App. W.D. 2011). The factual basis must exist on the record as a whole, but it does not need to be established by the defendant's own words or by an admission of the facts recited by the State. *Kennell v. State*, 209 S.W.3d 504, 506 (Mo. App. E.D. 2006). Section 570.080.1 defines the crime of receiving stolen property as receiving, retaining, or disposing of property of another, "for the purpose of depriving the owner of a lawful interest therein, . . . knowing that it has been stolen, or believing that it has been stolen."

Here, the record consisted of the charging document, the guilty plea petition, and testimony at the plea hearing. The information alleged that Burnett, "with the purpose to deprive the owner of a 4-wheeler, a John Deere toolbox, a double strand of pearls and many other items, retained such property, of a value of at least five hundred dollars, knowing that they had been stolen."

Burnett's written petition to enter a guilty plea stated that "[i]n Dec[ember] 2007 Shawn Burnett brough[t] over a four[-]w[heel]er to my dad[']s house where I fixed it for him[.]" The petition also stated, among other things, that Burnett understood that he was charged with receiving stolen property, that he told his lawyer all the facts and circumstances about the charges made against him, and that his lawyer counseled and advised him on the nature of the

7

charge and all possible defenses. Burnett signed each of the seven pages of the petition including the final page which stated that he had read and his attorney had explained to him the petition.

During the guilty plea hearing, the court asked Burnett if he had reviewed the petition, signed each page indicating that he read and understood the contents of each page, and understood the document in its entirety. Burnett responded affirmatively. Burnett also testified that he understood the charges against him, that he was in possession of a four-wheeler that had been stolen, and that he thought the four-wheeler was worth approximately $2,500. When the court asked how he came to possess the four-wheeler and whether he knew it was stolen, Burnett said his cousin brought it to his house and he did not know it was stolen at the time but rather came into that information later. The State said, if the case were to go to trial, it would present evidence that Burnett was in possession of the four-wheeler that was worth approximately $2,500, as well as "a John Deere toolbox with an estimated value of $1,400, a double strand [of] pearls with an estimated value of $800 in addition to eight other pages of items . . . that were stolen goods." When the court asked Burnett if he disputed any of what the prosecutor had just said, he replied that a lot of the things on the list were not stolen. However, when the court asked if he did agree that the four-wheeler was stolen and that it was worth over $500, Burnett said, "Yes." Finally, the court asked if Burnett was pleading guilty because he was, in fact, guilty and for no other reason, and he replied, "Yes, sir."

In sum, the whole record shows that the charging document clearly charged Burnett with all the elements of the crime, the nature of the charge was explained to Burnett, and Burnett

admitted guilt.  Therefore, a factual basis was established. [1]  *Mitchell v. State*, 337 S.W.3d 68, 70

(Mo. App. W.D. 2011).  Burnett's first point on appeal is denied.

Burnett's second point on appeal claims that he was denied effective assistance of

counsel when plea counsel did not seek to withdraw his guilty plea when probation under the

plea agreement became impossible and imprisonment unavoidable.

> A guilty plea must be a "voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997).  To prevail on an ineffective assistance of counsel claim following a guilty plea, [the claimant] must show by a preponderance of the evidence that: (1) trial counsel's performance was deficient because he failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) the deficient performance prejudiced [the claimant] as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997).  If either the performance prong or the prejudice prong is not met, then we need not consider the other, and [the] claim of ineffective assistance of counsel must fail.  *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Cherco v State*, 309 S.W.3d 819, 822 (Mo. App. W.D. 2010).

Here, Burnett assured the court at his sentencing hearing that he was satisfied with his

representation by counsel, that there was not anything counsel had done that Burnett had asked

him not to do, nor was there anything that Burnett had asked him to do that counsel had failed to

---

[1] This Court's recent decision in *Frantz v. State*, --- S.W.3d ----, 2014 WL 4547840 (Mo. App. W.D. 2014), acknowledges that "[e]xisting Missouri case law suggests that the inquiry into whether a sufficient factual basis exists for a guilty plea is satisfied upon a defendant's assertion that plea counsel explained the nature of the charge to him and that he understood the charge."  2014 WL 4547840 at *4.  However, *Frantz* suggests that this inquiry can be insufficient and can result in "a defendant [who] can honestly tell the court that he is pleading guilty because he believes himself guilty of the charged offense[, but who] may not, in fact, be guilty under a correct interpretation of the law."  *Id.* at *4.  The Court admonishes that it would be the better practice "for the plea court, when conducting a guilty plea hearing, to ascertain facts on the record regarding the defendant's specific conduct that the State believes supports the elements of the charged crime [because s]imply reciting the charging document [probably] merely quotes the statutory elements," rather than "defendant's actual, *factually-specific* conduct leading to the charge."  *Id.* at *6.

Whereas in *Frantz* the Court was able to determine from the record before it that the evidence did not establish certain key elements of the charged crime and that the defendant's conduct did not fall within the charge, here, the record contains other indications that the knowledge element of the charge against Burnett was met, through the portions of the charging document, the guilty plea petition, and testimony at the plea hearing discussed above.

do. Subsequently, at the hearing on Burnett's post-conviction motion, plea counsel testified that he was aware, prior to Burnett's guilty plea in this case, that Burnett was on probation in another felony case in Harrison County and one in DeKalb County. Counsel testified that he knew that Burnett had pled guilty in both cases and had a "backup sentence" for them. Counsel stated that, prior to sentencing, he and Burnett would have discussed the possibility of filing a motion to withdraw his guilty plea, and no such motion was filed "based on Mr. Burnett's direction." Counsel testified that had Burnett wanted to file a motion to withdraw his guilty plea, counsel would have filed one. Plea counsel further testified that it would have been impossible for Burnett to stay out of prison because he had already been sentenced in the other two cases.

Based on the foregoing, the trial court did not clearly err in concluding that plea counsel had discussed with Burnett the possibility of filing a motion to withdraw his guilty plea but that none was filed because Burnett never told counsel to file one. Burnett's second point on appeal is denied.

Burnett complains in his third point on appeal that the trial court's findings of fact and conclusions of law were not sufficiently specific regarding his claim that his plea counsel had a conflict of interest. Burnett's fourth point on appeal argues that the trial court's findings of fact and conclusions of law were not sufficiently specific regarding his claim that the plea court had categorically refused to consider the full range of punishment. The trial court's findings and conclusions did not specifically mention either of these claims, but generally stated that "[t]his court only considers portions of the Defendant's motion where evidence was presented at the time of the hearing. Any allegations raised in the motion without supporting evidence at hearing are hereby overruled as the Court finds the Defendant has failed to meet his burden of proof on same." The court also made the general finding that that based upon Burnett's demeanor,

10

testimony, and cross-examination, it was "left with the distinct impression that [Burnett's] claims [were] not credible." It was "highly skeptical of [Burnett's] testimony of his representation by [plea counsel]" and found that Burnett's testimony "was self-serving and not grounded in truth."

The motion court's findings and conclusions need not adhere to a "precise formula[.]" *Ivory v. State*, 211 S.W.3d 185, 189 (Mo. App. W.D. 2007). The court is not obligated to individually address each of the movant's claims, but rather, generalized findings that provide the appellate court an adequate record for review of the claims are sufficient. *Edwards v. State*, 200 S.W.3d 500, 513 (Mo. banc 2006).

Here, the motion court's finding that it was "highly skeptical" of Burnett's testimony about his representation by plea counsel and that such testimony was "self-serving and not grounded in truth" is sufficient to provide an adequate record for review of Burnett's claim that plea counsel had a conflict of interest. The only evidence in the record that gave any indication of a possible conflict was Burnett's testimony that he was initially charged in his Harrison County case in 2006, and plea counsel's testimony that he was Harrison County prosecutor from 2002 through December 31, 2006. However, both Burnett and plea counsel testified that they agreed that the record showed that the complaint and warrant in the Harrison County case were filed on January 31, 2007, which was after plea counsel no longer held that office. The motion court's findings reflect that it disbelieved Burnett's testimony about being initially charged in 2006 and accordingly that Burnett had not met his burden to prove any conflict of interest. Burnett's third point on appeal is denied.

Burnett's complaint that the motion court erred in making inadequate findings and conclusions as to his claim that the sentencing court categorically refused to consider the full range of punishment is supported by the record. In his Rule 24.035 motion, Burnett argued the

sentencing court's statement at sentencing indicated that the court was "not willing even to consider concurrent time[.]"  The record indicates that the sentencing court stated:

> The court could sentence you to seven years in the Missouri Department of Corrections.  I could have sentenced you up to the maximum, which would run consecutive to the 11, which you're already looking at.  I am going to sentence you to consecutive time.  I don't believe in concurrent time and I'm not going to do that.  But I'm not going to sentence you to seven either.  What I'll do is four years in the Missouri Department of Corrections.  I'll run that consecutive to your DeKalb County case and your Harrison County case.

At the hearing on Burnett's motion, he asked the court to take judicial notice of the underlying criminal file, including the sentencing transcript, which included this statement by the sentencing court.  The motion court did take judicial notice.  There was no further discussion or testimony on the matter at the hearing.

An appropriate after-trial Rule 78.07(c) motion was filed, giving the motion court the opportunity to make the required findings on Burnett's claim about the sentencing court's unwillingness to consider the full range of punishment in its findings and conclusions.  The motion court did not specifically address this claim, however, and instead, it made only a generalized finding that "[a]ny allegations raised in the motion without supporting evidence at hearing are hereby overruled as the Court finds the Defendant has failed to meet his burden of proof on same."  This finding is not sufficient to provide an adequate record for review of Burnett's claim that the plea court had categorically refused to consider the full range of punishment.  To support his claim Burnett asked the court to take judicial notice of the transcript containing the relevant comments.

The absence of findings or conclusions upon which the trial court's action was based "leaves an appellate court in the dark and presents nothing of substance for review." *Smith v. State*, 343 S.W.3d 766, 768 (Mo. App. W.D. 2011) (quoting *Merrick v. State*, 324 S.W.3d 469,

12

470 (Mo. App. S.D. 2010)). If this Court were to furnish findings of fact and conclusions of law for Burnett's claim on this issue, we would be engaging in *de novo* review, which is not permitted under Rule 24.035(k). *Muhammad v. State*, 320 S.W.3d 727, 729 (Mo. App. E.D. 2010). The context and meaning of the sentencing court's statements must first be reviewed and findings and conclusions made at the circuit court.

As to Burnett's claim that the motion court made inadequate findings and conclusions as to his claim that the sentencing court categorically refused to consider the full range of punishment, the motion court's judgment is reversed, and the cause is remanded for entry of findings of fact and conclusions of law that comply with Rule 24.035(j). In all other respects, the judgment is affirmed.

_____
VICTOR C. HOWARD, JUDGE

All concur.