

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| GENE E. DUDLEY, | ) |
| | ) |
| Appellant, | ) |
| | )    **WD77218** |
| v. | ) |
| | )    **OPINION FILED:** |
| | )    **April 28, 2015** |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable J. Dale Youngs, Judge

**Before Division One:** James Edward Welsh, Presiding Judge, and
Thomas H. Newton and Karen King Mitchell, Judges

Gene Dudley, Jr., appeals, following an evidentiary hearing, the denial of his

Rule 24.035[1] motion for post-conviction relief. Dudley claims that plea counsel was ineffective

for failing to call Dudley's father as a witness in mitigation at sentencing. But because Dudley

failed to timely file his Rule 24.035 motion, or plead and prove any justification for the untimely

filing, he waived his right to seek post-conviction relief. The untimely nature of Dudley's

motion deprived the motion court of authority to review the motion on its merits, and the motion

---

[1] All rule references are to the Missouri Court Rules (2014), unless otherwise noted.

should have been dismissed. Accordingly, we vacate the motion court's judgment and remand with directions that the motion court dismiss Dudley's untimely filed Rule 24.035 motion.

## Background

Dudley pled guilty, pursuant to a plea agreement, to one count of second-degree murder, one count of first-degree assault, and two counts of armed criminal action, for which he was sentenced to a total of twenty-three years' imprisonment.

On March 2, 2011, Dudley attempted to file a *pro se* Rule 24.035 motion, but it was not actually file stamped until March 18, 2011.[2] The motion alleged that Dudley had been delivered to the Department of Corrections on August 21, 2009, and that he had not appealed the judgment of conviction. Following the question of whether Dudley had filed any other Rule 24.035 motions before the current one, Dudley responded, "none."

The motion court initially dismissed Dudley's motion on March 31, 2011, noting that it had not been timely filed under the mandate of Rule 24.035(b). On July 12, 2011, Dudley allegedly filed a *pro se* "Motion Requesting to File Out of Time Petition to Vacate Judgment to Set Aside Guilty Plea."[3] On July 19, 2011, the motion court vacated the dismissal order because the court believed that it should not have dismissed the motion without first appointing counsel for Dudley under Rule 24.035(e).

---

[2] The record suggests that there were some deficiencies in the original filing, of which Dudley was notified by the circuit clerk. Dudley then filed more paperwork on March 16, 2011, but the complete correct documentation was not filed until March 18, 2011. These date discrepancies, however, are immaterial to the outcome of this appeal.

[3] A copy of this motion has not been included in the record on appeal. The only reference made to it is in the court's order vacating the dismissal. Dudley makes no assertion on appeal as to the contents of the motion and expresses confusion, noting that "[i]t is unclear what pro se motion is the subject of the court's July 19, 2011 order. A motion challenging the dismissal order does not appear on Case.net under either the original criminal case number or the civil case number assigned to the Rule 24.035 motion." Regardless, the motion court's sole response to the motion was to vacate its earlier dismissal order as a result of its failure to appoint counsel. Thus, we presume either that the lack of appointed counsel was the only subject of Dudley's motion or that the court rejected other arguments contained therein. Dudley has not made any arguments pertaining to either his motion or the court's response to it; thus, we see no further reason to address it.

Appointed counsel filed an amended Rule 24.035 motion, acknowledging that Dudley had been delivered to the Department of Corrections on August 21, 2009, and had not appealed the judgment of conviction. The amended motion alleged that "Mr. Dudley attempted to file a timely *pro se* Rule 24.035 motion in October 2009 and in February 2010, but learned that those motions were not received by the Court." The motion further alleged that Dudley had filed his *pro se* motion on February 3, 2011. The amended motion contained no allegations of either interference with Dudley's efforts to file or misfiling of his previous motions by the circuit court.

The motion court held an evidentiary hearing on the two claims raised in the amended motion. Thereafter, the court issued findings of fact and conclusions of law, overruling Dudley's Rule 24.035 motion. In its findings and conclusions, the motion court stated: "Movant attempted to file *pro se* Rule 24.035 motions in October of 2009 and February of 2010, but these motions were not received by the Court." The court did not elaborate as to why the motions had not been received before addressing the merits of Dudley's claims. After the court overruled Dudley's Rule 24.035 motion, Dudley appealed.

### Standard of Review

"Appellate review of the denial of a post-conviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Burnett v. State*, 450 S.W.3d 800, 805 (Mo. App. W.D. 2014). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id*. "The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred." *Id*.

3

**Analysis**

Dudley raises a single claim on appeal regarding the effectiveness of his plea counsel. The State argues, however, that Dudley waived this claim by failing to timely file his Rule 24.035 motion. We agree.

Rule 24.035(b) provides that, "If no appeal of [the] judgment [being challenged] was taken, the [Rule 24.035] motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Here, Dudley was delivered to the Department of Corrections on August 21, 2009. Because he did not appeal his convictions, his Rule 24.035 motion had to be filed no later than February 17, 2010. His motion was not filed, however, until March 18, 2011—approximately one year and one month past the deadline.[4]

In a motion filed pursuant to Rule 24.035, the movant must allege facts establishing that the motion is timely filed, and he must then prove those allegations. *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). The movant can meet these burdens by either:

> (1) timely filing the original pro se motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id*.

Here, Dudley's motion was not timely filed, as reflected by the time stamp on the Rule 24.035 motion; thus, he has not met his burden under (1). His *pro se* motion neither acknowledges the untimely nature of the filing nor provides any factual assertions that would support a recognized exception to timely filing. Thus, he failed to meet his burden under (2). As

---

[4] The record reflects a variety of possible filing dates for the *pro se* motion, ranging from as early as February 3, 2011, to as late as March 18, 2011. While we rely on the March 18, 2011 filing date for purposes of our analysis because it is the date reflected on the time stamp, the outcome would not change even under the more favorable date of February 3, 2011.

4

for (3), though the amended motion acknowledged the untimely nature of the *pro se* motion and provided an explanation for the untimeliness, the explanation involved neither a misfiling by the circuit court nor a recognized exception for untimely filing. Thus, Dudley failed to meet his burdens of both pleading and proving that his motion was timely filed.

In its findings and conclusions, the motion court reiterated the allegations of the amended motion explaining the untimely nature of Dudley's Rule 24.035 motion. But there was nothing in the record to support the factual findings. And even if they were supported by evidence, they did not amount to legal justification to excuse Dudley's untimely filing. Dudley did not allege, much less prove, *why* his attempted filings were not received. Thus, he neither alleged nor proved that circumstances beyond his control, or negligence or misconduct by others, prevented his attempted filings from being successful. In the absence of such allegation, we are unaware of any exception to Rule 24.035's time limitations that could apply here. "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue." *Dorris*, 360 S.W.3d at 268.

> Because [the post-conviction rules] state that failure to file a motion within the time provided by the Rules "shall constitute a complete waiver of any right to proceed under [these] Rule[s] and a complete waiver of any claim that could be raised in a motion filed under [these] Rule[s]," the motion court had no authority to hear the motions . . . .

*Id*. at 263 (quoting Rules 24.035(b) and 29.15(b)).

### Conclusion

Because Dudley's Rule 24.035 motion was untimely, he waived "any claim that could be raised in a motion filed pursuant to [that] Rule." Accordingly, the motion court lacked authority to review the merits of Dudley's claim and should have dismissed the motion as untimely. The

court's judgment is vacated and the matter is remanded for the sole purpose of the motion court

dismissing Dudley's Rule 24.035 motion as untimely.

_____
Karen King Mitchell, Judge

James Edward Welsh, Presiding Judge,
and Thomas H. Newton, Judge, concur.